J-S66010-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AVIS LEE, | |
| Appellant | No. 1891 WDA 2016 |

Appeal from the PCRA Order Entered November 17, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005128-1980

BEFORE:  BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          FILED DECEMBER 29, 2017

Appellant, Avis Lee, appeals from the order dismissing, as untimely, her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant received a mandatory life sentence without the possibility of parole (MLWOP) for a crime she committed when she was only eighteen years old.  In this appeal, Appellant contends that she is entitled to relief pursuant to the United States Supreme Court's decision in Montgomery v. Louisiana, 136 S.Ct. 718 (2016), which held that the high Court's prior ruling in Miller v. Alabama, 567 U.S. 460 (2012) (banning the imposition of MLWOP sentences for crimes committed by persons under the age of eighteen), applies retroactively.  Appellant argues that she is similarly

_____

[*] Retired Senior Judge assigned to the Superior Court.

situated to the beneficiaries of the Miller and Montgomery decisions in all relevant respects, but for the arbitrariness of the legal age of maturity. After careful review, we are constrained to affirm.

During Appellant's direct appeal, we summarized the pertinent facts adduced at the trial that led to her conviction for second-degree murder, as follows:

The facts of this case, viewed in the light most favorable to the Commonwealth, are as follows. At approximately midnight on the night in question, Robert Walker was found lying unconscious in a parking lot nearby to the Pittsburgh Athletic Association (P.A.A.) in Oakland. He died ten hours later of a gunshot wound to the head. Sometime later Arthur Jeffries approached the police with information linking [Appellant] and co-defendant Madden to the crime. Both [Appellant] and Madden were arrested. Jeffries was also charged with complicity after the police noted several inconsistencies in the information he supplied to them.

The evidence offered at trial against [Appellant] was in the form of her confession to the police, which was redacted by the [c]ourt to eliminate any mention by name of her accomplices. The confession set forth that on the evening of November 1, 1979, [Appellant] suggested to her brother, co-defendant Madden, that they attempt to obtain some money. Madden chose the P.A.A. in Oakland as a desirable site for a robbery attempt. Co-defendant Jeffries agreed to accompany them and was to share in the fruits of the venture. [Appellant] saw that Madden was carrying a loaded gun. They arranged to be driven to Oakland by a third party. [Appellant] was designated to serve as the look-out. Defendants waited on the porch of the Syria Mosque until the victim approached. Madden followed him, pointing the gun at his back. When the victim swung around and attempted a karate blow at Madden and reached for his pocket, Madden shot him.

[Appellant]'s statement was corroborated in all material details by the redacted statements of her co-defendants which were also introduced into evidence accompanied by the [c]ourt's

- 2 -

> cautionary instructions to each individual juror and to the jury as a group that each statement could be used as evidence only against the maker of the statement.

Commonwealth v. Lee, 838 Pittsburgh 1981, unpublished memorandum at 1-2 (Pa. Super. filed July 16, 1982). Appellant, tried jointly with co-defendants Madden and Jeffries in Allegheny County in January of 1981, was found guilty on January 20, 1981, and sentenced to MLWOP on July 13, 1981. This Court affirmed her sentence on July 16, 1982. Commonwealth v. Lee, 448 A.2d 1159 (Pa. Super. 1982) (unpublished memorandum).

Appellant filed her first petition for post-conviction relief on August 20, 1984, which the lower court denied on May 9, 1986. This Court affirmed that decision on April 9, 1987. Commonwealth v. Lee, 531 A.2d 527 (Pa. Super. 1987) (unpublished memorandum). Appellant filed a second petition for post-conviction relief on May 17, 1989, which was denied on May 25, 1989. This Court affirmed the denial of Appellant's second post-conviction petition July 26, 1990. Commonwealth v. Lee, 580 A.2d 1165 (Pa. Super. 1990) (unpublished memorandum). Our Supreme Court denied her petition for allowance of appeal from that decision on April 29, 1991. Commonwealth v. Lee, 592 A.2d 44 (Pa. 1991). Appellant filed her third and fourth petitions for post-conviction relief on June 1, 2000 and August 29, 2000, which were denied by the PCRA court, respectively, on October 12, 2000 and June 20, 2000. Appellant filed a PCRA petition on July 11, 2012, her fifth petition for post-conviction relief, in response to the Miller decision. Because Miller was not recognized at that time as applying

retroactively, Appellant's PCRA petition was dismissed on February 26, 2013.[1]

Appellant filed the instant PCRA petition, her sixth petition for post-conviction relief in the Pennsylvania court system, on March 24, 2016, exactly 59 days after the Montgomery decision was issued. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition on April 25, 2016. Appellant filed a timely response thereto on May 12, 2016, and an additional memorandum in support of granting PCRA relief on September 15, 2016. The PCRA court ultimately dismissed the petition on November 17, 2016. Appellant filed a timely notice of appeal on December 12, 2016, and a timely, court-ordered Pa.R.A.P. 1925(b) statement on February 7, 2017. The PCRA court issued its Rule 1925(a) opinion on May 23, 2017.

Appellant now presents the following questions for our review:

   I.   Did the PCRA court err in rejecting Appellant's claim that Miller[']s constitutional requirement of consideration of age-related factors prior to imposing [MLWOP] applies to [Appellant] who possessed those characteristics of youth identified as constitutionally significant for sentencing purposes by the U.S. Supreme Court?

   II.  Did the PCRA court err in rejecting Appellant's claim that the rule of law announced in Miller requires retroactive invalidation of a MLWOP sentence imposed on an offender

_____

[1] Appellant also unsuccessfully sought habeas relief in the federal courts on multiple occasions over the course of this timeline.

with categorically diminished culpability because the offender did not kill or intend to kill?

III. Did the PCRA court err in rejecting Appellant's claim that the combined effect of [her] youth, her experience of extreme childhood and adolescent abuse and trauma, and her lack of intent to kill render her less culpable under Miller and therefore require reversal of her sentence?

IV. Did the PCRA court err in rejecting Appellant's claim that Pennsylvania law permitting [MLWOP] sentences for crimes committed by 18-year-olds lacks a rational basis in light of Miller's prohibition against such sentences for offenders aged 17 and younger and therefore violates the equal protection clauses of the United States and Pennsylvania constitutions?

V. Did the PCRA court abuse its discretion in failing to hold an evidentiary hearing where [Appellant] had raised issues of material fact that entitle her to relief?

Appellant's Brief at 4-5.

This Court's standard of review regarding an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Ragan, 923 A.2d 1169, 1170 (Pa. 2007). However, we must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The trial court imposed Appellant's judgment of sentence in 1981. The instant PCRA petition, Appellant's sixth collateral attack on her judgment of sentence, was not filed until March 24, 2016. Appellant's PCRA petition is, therefore, patently untimely. See 42 Pa.C.S. § 9545(b)(1). Accordingly, we cannot address the merits of Appellant's PCRA petition unless she meets one of the enumerated statutory exceptions to the PCRA's time bar set forth in Sections 9545(b)(1)(i)-(iii).

Appellant expressly avails herself of the retroactive-constitutional-right exception set forth in Section 9545(b)(1)(iii), in reliance on Miller and

Montgomery. Because the Montgomery decision established that Miller applies retroactively, and because Appellant filed her PCRA petition within 60 days of the Montgomery ruling, she has ostensibly satisfied the requirements of Section 9545(b)(2). Therefore, the only jurisdictional question before this panel is whether the right announced in Miller, although expressly applicable only to minors who were under the age of 18 when they committed their crimes, should also apply to individuals who sufficiently avail themselves of the rationale of the Miller decision, despite the express age limitation set forth in that opinion. Miller, 567 U.S. at 465 ("We … hold that mandatory [LWOP] for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments.) (quotation marks omitted, emphasis added). Briefly stated, that rationale concerns whether the commission of a crime "reflects unfortunate yet transient immaturity" of a young offender rather than "irreparable corruption[.]" Miller, 567 U.S. at 479-80 (quoting Roper v. Simmons, 543 U.S. 551, 573 (2005)).

Appellant acknowledges that this Court has issued two precedential decisions resolving Appellant's claims in Commonwealth v. Cintora, 69 A.3d 759 (Pa. Super. 2013), and Commonwealth v. Furgess, 149 A.3d 90 (Pa. Super. 2016). This Court issued Cintora after Miller, but before Montgomery. In that case, the petitioners, who were both over the age of 18 at the time they committed their crimes (19 and 22), sought relief in an untimely PCRA petition under the rationale of Miller, availing themselves,

inter alia, of the PCRA timeliness exception set forth in Section 9545(b)(1)(iii). Consistent with a current scientific consensus that a human brain does not fully mature until a person reaches their mid-twenties, the petitioners in Cintora argued that they should be entitled to relief under Miller because they were similarly situated to minors who benefited from the Miller decision. We rejected their virtual-minor theory as a basis to invoke Section 9545(b)(1)(iii), citing Miller's express age restriction. Cintora, 69 A.3d at 764. Instantly, although Appellant presents a far more sophisticated argument, we see no significant conceptual difference in the claimed basis for relief from that asserted by the petitioners in Cintora.

In Furgess, an appellant raised a similar argument to that presented in Cintora, but did so after Montgomery's ruling rendered retroactive the right established in Miller.[2] Reconsidering Cintora post-Montgomery, the Furgess Court determined that:

> [N]othing in Montgomery undermines Cintora's holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the Miller decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii). Accordingly, Cintora remains controlling on this issue, and Appellant's assertion of the time-bar exception at Section 9545(B)(1)(iii) must be rejected.

Furgess, 149 A.3d at 94.

_____

[2] The Cintora Court had alternatively rejected the petitioners' claim on the basis that the Miller decision did not apply retroactively. Cintora, 69 A.3d at 764 n.4.

- 8 -

Appellant contends that this Court's decisions in Cintora and Furgess should be overruled. Appellant's Brief at 16. She argues that, in following the Miller precedent under the principle of stare decisis, this Court is obligated to adhere to the rationale of the United States Supreme Court's decisions, rather than to merely obey their specific holdings. Appellant's Brief at 16-17 (citing Seminole Tribe v. Florida, 517 U.S. 44 (1996)). Appellant continues:

> The right established in Miller and held to apply retroactively in Montgomery…, must be construed to include not only the narrow holding identified by this Court in Cintora and Furgess, but must include the underlying reasoning, scientific principles, and "well-established rationale" upon which the Court in Miller and Montgomery relied in reaching the results in those cases. The right, therefore, must include the Court's analysis under its Eighth Amendment sentencing jurisprudence; the Court's conclusions that the "characteristics of youth, and the way they weaken rationales for punishment, can render a life-without-parole sentence disproportionate," Miller, 567 U.S. at 473, and that a [MLWOP] sentencing scheme "poses too great a risk of disproportionate punishment" by precluding a sentencer from considering an offender's age and characteristics of youth prior to imposing the harshest punishments, Id. at 479; and the Court's adoption of science and social science relating to adolescent development.

Appellant's Brief at 17-18.

Appellant presents a compelling argument to reconsider this Court's decisions in Cintora and Furgess. It is hard to come away from an honest reading of Miller with the impression that the arbitrary legal age of maturity is essential to Miller's rationale, despite its centrality to the specific holding in that case, and that the matter was neither mentioned nor discussed in

those cases. Nevertheless, given Appellant's concession that he is not entitled to relief under the precedent set by Cintora and Furgess, we are compelled to deny relief in this matter, as this "panel is not empowered to overrule another panel of the Superior Court." Commonwealth v. Beck, 78 A.3d 656, 659 (Pa. Super. 2013).

Appellant argues, alternatively, that she is entitled to relief under the principles of equal protection, rather than merely as an extension of Miller's reliance on Eighth Amendment jurisprudence. Again, without reaching the merits of such an argument, we are compelled to reject it given the constraints imposed by the PCRA statute. The timeliness exception set forth in Section 9545(b)(1)(iii) requires, by its express terms, an existing decision holding that a specific right applies retroactively. While the Montgomery decision is such a ruling with respect to an Eighth-Amendment-based-Miller right, Appellant has not pointed to any decision of the United States or Pennsylvania Supreme Courts that has recognized the retroactivity of a similar right, but grounded in equal protection. For whatever reason, the Pennsylvania Legislature has precluded the litigation, in the first instance, of novel constitutional rights claims in the context of untimely PCRA petitions.

Accordingly, for all the aforementioned reasons, we are compelled to affirm the PCRA court's denial of Appellant's untimely PCRA petition.

Order affirmed.

Judge Dubow joins this memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2017