560 A.2d 912

**Reva ROSENBLUM, Appellant,**

v.

**PORT AUTHORITY OF ALLEGHENY COUNTY and City of Pittsburgh, Appellees.**

**Doris J. RIDDICK, Appellant,**

v.

**PORT AUTHORITY OF ALLEGHENY COUNTY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 1, 1989.

Argued May 1, 1989.

Decided June 21, 1989.

---

40

---

Max A. Levine, Levine & Spatz, P.C., Pittsburgh, for Rosenblum.

Gregory A. Evashavik, Evashavik & Della Vecchia, Gary L. Goldberg, Klett, Lieber, Rooney & Schorling, Pittsburgh, for appellee Port Authority of Allegheny County.

Robert B. Smith, Asst. City Sol., D.R. Pellegrini, City Sol., Dept. of Law, Pittsburgh, for City of Pittsburgh.

Todd Berkey, Stokes, Lurie & Cole, Pittsburgh, for Riddick.

Before CRAIG and SMITH, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

Reva Rosenblum and Doris Riddick appeal the respective decisions of Judge Livingstone M. Johnson and Judge Bernard J. McGowan of the Court of Common Pleas of Allegheny County which granted summary judgment in favor of the Port Authority of Allegheny County (PAT) with respect to the appellants' claims for pain and suffering damages. We affirm.

We are treating these cases in consolidated fashion because the sole issue the parties have raised is whether PAT has the benefit of protective provisions of Chapter 85 of the Judiciary Code as a local government unit, 42 Pa.C.S. §§ 8541–8542.

Rosenblum was injured on May 28, 1985, while exiting a PAT bus. Riddick was injured on November 15, 1983, when a PAT bus struck the vehicle Riddick was operating. The trial court granted the respective summary judgment in each case because the claims of neither Rosenblum nor

Riddick met the pain and suffering damages threshold of the damages-limiting provisions of Chapter 85 of the Judiciary Code, 42 Pa.C.S. § 8553(c)(2)(ii); in suits against local agencies that provision allows damages for pain and suffering only if (1) there is permanent bodily function loss, dismemberment or disfigurement, and (2) medical and dental expenses exceed $1500.

Both parties question this court's decision in *Marshall v. Port Authority of Allegheny County*, 106 Pa.Commonwealth Ct. 131, 525 A.2d 857 (1987), *petition for allowance of appeal granted*, 518 Pa. 621, 541 A.2d 748 (1988), arguing that we incorrectly concluded that PAT is a local agency under the governmental immunity provisions. If PAT is a Commonwealth agency rather than a local agency, the sovereign immunity provisions, 42 Pa.C.S. §§ 8521–8528, which do not contain a pain and suffering damages threshold, would apply, rather than the local agency provisions, which contain a $1,500.00 minimum threshold requirement.

■ Rosenblum does not seek an overruling of our *Marshall* opinion, but merely suggests that we should await the Supreme Court's review of that decision, and, if the court reverses our decision, we should remand to the trial court. However, as PAT points out, our decision in *Marshall* continues as controlling authority unless and until the Supreme Court reverses it.

■ Rosenblum also argues that the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1798, supersede the pain and suffering damages threshold requirements in the limitation of damages provision in the Judiciary Code. Rather than present her argument to this court directly, Rosenblum instructs us to consult her brief to the trial court. In that argument Rosenblum asserts that the Financial Responsibility Law supersedes the local agency pain and suffering provisions because the Financial Responsibility Law, which does not contain a pain and suffering damages threshold, applies broadly to all vehicles except those owned by the United States. 75 Pa.C.S. § 1703.

We agree with the trial court's conclusion that the silence in the Financial Responsibility Law as to a pain and suffering damages threshold does not conflict with the threshold requirement the local agency provisions contain. Judge Johnson recognized the general principle that "repeals by implication are not favored and will not be permitted if there is any other reasonable construction, and that a law is not repealed by a later enactment if the two may be operative without repugnance to each other," *Consumers Education and Protective Association v. Schwartz*, 495 Pa. 10, 23 n. 17, 432 A.2d 173, 180 n. 17 (1981), and concluded in his opinion:

> While the Financial Responsibility Law appears to advance the maximum restoration of individuals injured in connection with the use or maintenance of motor vehicles, the Political Subdivision Tort Claims Act exists to satisfy the need for immunity from liability of the the sovereign and its tax base, while providing for enumerated exceptions. As one such exception does, in fact, contemplate vehicular liability, the narrow limitations specifically a part thereof may be interpreted in concert with respective purposes of both statutes, but must be applied and accepted as 'added requisites for a particular subject' advancing the public policy of immunity.

Riddick, on the other hand, contends that our *Marshall* decision is inconsistent with the Pennsylvania Supreme Court's opinion in *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270 (1986), in which the Supreme Court concluded that SEPTA, the transportation authority of the City of Philadelphia, is a Commonwealth agency, and thus subject to the sovereign immunity provisions of the Judiciary Code, 42 Pa.C.S. §§ 8521–8528.

Riddick relies on the similarity between the statutory language authorizing the creation of SEPTA and the language that authorized the creation of PAT. This court recognized the similarity of those provisions in *Marshall*, but distinguished them by noting that PAT exists as an instrumentality of Allegheny County under the Second Class County Port Authority Act, Act of April 6, 1956, P.L.

(1955) 1414, *as amended*, §§ 1–13, 55 P.S. §§ 551–563.5, whereas SEPTA exists under the Pennsylvania Urban Mass Transportation Law, Act of January 22, 1968, P.L. 42, §§ 101–407, *as amended*, 55 P.S. §§ 600.101–600.407:

> Feingold does not control our analysis because SEPTA, unlike PAT, exists under the Pennsylvania Urban Mass Transportation Law ... providing that SEPTA 'shall in no way be deemed ... an instrumentality of any city or county or other municipality or engaged in the perform-ance of a municipal function....'

*Marshall*, 106 Pa.Commonwealth Ct. at 134–35 n. 1, 525 A.2d at 859 n. 1 (citations omitted). We believe *Marshall* adequately addresses Riddick's argument.

█ Riddick cites *Toombs v. Manning*, 835 F.2d 453 (3rd Cir.1987), as support for her argument that the legislature did not intend to grant PAT any of the benefits of the Judiciary Code. Riddick contends that the legislature in-tended the umbrellas of sovereign and governmental immu-nity to protect only those entities which enjoyed immunity under the common law before the Pennsylvania Supreme Court abrogated the common law doctrines of governmental and sovereign immunity.[1] *Toombs*, however, only con-cerned sovereign immunity. Furthermore, as the Third Circuit, sitting en banc, pointed out in *Toombs:*

> The significance to our analysis of the legislature's inclu-sion of the Pennsylvania Turnpike Commission as an immune agency is that it is clear that the General Assem-bly intended to provide sovereign immunity protection not only for those entities which before Mayle had been immune as sovereigns, but also for those entities not previously immune, but which now come within the stat-ute's scope.

835 F.2d at 459 (footnote omitted).

Rosenblum appears to rely on the dissent in *Toombs*, in which Judge Gibbons contends that the legislature did not

---

1. *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), abrogated governmental immunity. *Mayle v. Penn-sylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), abrogated sovereign immunity.

intend to bestow statutory immunity upon those entities not protected under the common law doctrine of sovereign immunity, 835 F.2d at 471. However, we believe that Judge Garth's majority opinion correctly analyzed the statutory history of the sovereign immunity provisions of the Judiciary Code, 835 F.2d at 459.

Riddick does not direct us to any statutory history of the governmental immunity statutes which might suggest that the legislature intended to limit the scope of immunity only to entities the common law protected. The legislature responded to perceived inconsistencies in the application of the common law immunity doctrine and sought to provide definite lines within which local agencies would be protected. We cannot ignore the plain language of the statute:

Governmental immunity generally

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa.C.S. § 8541. Without any indication of a contrary legislative intent, we must follow the statutory mandate that no local agency shall be liable for damages unless the statute expressly provides for liability under the particular circumstances.

## ORDER

NOW, June 21, 1989, the order of the Court of Common Pleas of Allegheny County, dated December 14, 1988, at No. G.D. 86–07018, is affirmed.

## ORDER

NOW, June 21, 1989, the order of the Court of Common Pleas of Allegheny County, dated September 27, 1988, at No. G.D. 83–20262, is affirmed.