**COMMONWEALTH of Pennsylvania,**

v.

**Robert Gene BECK, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 2013.

Filed Oct. 10, 2013.

---

Caleb C. Enerson, Assistant District Attorney, York, for Commonwealth, appellee.

Shawn M. Dorward, Harrisburg, for appellant.

BEFORE: MUNDY, OLSON, and STRASSBURGER *, JJ.

OPINION BY STRASSBURGER, J.:

Robert Gene Beck (Appellant) appeals from the judgment of sentence of three to six months' intermediate punishment after being convicted of driving under the influence (DUI—general impairment), driving under the influence (DUI—high rate of alcohol), and violating duties at a stop sign.[1] We affirm.

The trial court summarized the underlying facts of this case as follows:

On July 3, 2010, Officer Isaiah Emenheiser with the Northern York County Regional Police Department was part of a team of officers conducting a field sobriety checkpoint in Northern York Borough. Officer Emenheiser was assigned to the roving traffic safety and enforcement car. Just before 1:00 a.m., Officer Emenheiser observed a blue Pontiac driven by Appellant fail to come to a complete stop at a stop sign. After Officer Emenheiser stopped the Pontiac and made contact with the driver, he noticed that an odor of an intoxicating beverage emanated from Appellant's breath and person, that Appellant had glassy eyes, and that Appellant had slowed speech.

Appellant confirmed he had been drinking and agreed to perform field sobriety tests. Officer Emenheiser asked Appellant to perform the ABC test, which required Appellant to say the alphabet "A" to "Z" without stopping or singing. Appellant switched the order of the letters "E" and "F," stating "A, B, C, D, F, E, G," and left out the letters "Q" and "R," stating "M, N, O, P, S, T, U, V." During the walk and turn test, Appellant "failed to walk in a straight line," "missed heal-to-toe on several steps," and "was off balance as he turned around." Appellant demonstrated the same behaviors on the return direction. During the last test, the one-leg-stand test, Appellant dropped his left foot after the count of two.

After completing the field sobriety test, Officer Emenheiser administered a preliminary breath test (PBT), which registered a positive reading for alcohol. Appellant was placed under arrest for driving while intoxicated and consented to a blood draw and chemical testing, which was completed at the check point. The rests of the chemical test revealed Appellant had a blood alcohol content of .125.

Trial Court Opinion, 1/1/2013, at 1–2 (citations to notes of testimony omitted).

On May 7, 2012, the trial court conducted a non-jury trial. At the conclusion of the Commonwealth's case in chief, the Commonwealth moved to amend the criminal information and add Count 3—DUI—high rate of alcohol. N.T., 5/7/2012, at 133. Appellant objected, and after extensive testimony and argument, the trial court permitted the amendment. *Id.* at 135–54. The trial court found Appellant guilty of all three charges.

On July 2, 2012, the trial court sentenced Appellant at Count 3 to three to six months of intermediate punishment, fines, and court costs.[2] Appellant filed a timely

---

* Retired Senior Judge assigned to the Superior Court.

1. 75 Pa.C.S. §§ 3802(a)(1), 3802(b), and 3323(b), respectively.

2. The trial court determined that DUI—general impairment merged with Count 3. Appel-

post-sentence motion, which was denied on November 8, 2012. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two issues for our review.

1. The United States Constitution as well as the Pennsylvania Constitution necessitates that a defendant has an absolute right to confront any witness at trial who is offering "testimony" against him. Where the Commonwealth failed to call the individual who physically performed a blood analysis of Appellant's blood, should the Appellant's conviction be vacated?

2. Where the Commonwealth seeks to amend a Criminal Information at the conclusion of trial to include an additional charge with an additional element, does that effectively prejudice Appellant, when if he would have known of the additional charge his trial strategy and usage of experts would have been different?

Appellant's Brief at 1–2 (portions of questions and trial court answers omitted).

Appellant first contends the trial court erred in admitting the results of the blood alcohol content analysis because the Commonwealth did not produce the analyst who actually performed the test, which Appellant alleges violated his right to confront the witnesses against him. Appellant's Brief at 22–38. On the fifteenth page of Appellant's sixteen-page argument on this issue, Appellant states the following:

With all due candor to This Learned Court, the Appellant concedes that the facts of the present matter are identical to those of *Commonwealth v. Yohe*, 2012 PA Super 34, 39 A.3d 381 (Pa.Super.2012). Additionally, undersigned counsel was the attorney of record at Yohe's trial and through to the appeal to the Superior Court and a member of the firm who filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. On August 28, 2012, the Pennsylvania Supreme Court granted Yohe's Petition for Allowance of Appeal and briefs have been submitted by all parties. Appellant, at the very minimum, wishes to preserve these issues for potential consideration following the disposition in the *Yohe* case.

Appellant's Brief at 36–37.[3]

■ Thus, because Appellant concedes that the facts of this case are indistinguishable from those in *Yohe, supra,* and our Supreme Court has not yet issued a decision, the opinion of the Superior Court remains good law. This panel is not empowered to overrule another panel of the Superior Court. *See Commonwealth v. Taylor,* 437 Pa.Super. 102, 649 A.2d 453, 455 (1994); *see also Rosenblum v. Port Auth. of Allegheny Cnty.,* 127 Pa.Cmwlth. 38, 560 A.2d 912, 913 (1989).

■ In *Yohe,* a panel of this Court held that

the trial court erred as a matter of law when it determined that the blood-alcohol report of the blood sample taken from [the driver] was inadmissible on the ground that [he] was not afforded his right to confront the source of the testimonial statement through the testimony and cross-examination of [the individual who actually performed the blood testing].

lant was also required to pay a $25 fine for violating duties at a stop sign.

3. *Yohe* was argued before our Supreme Court in May 2013, and as of the time of this writing, no decision has been rendered.

39 A.3d at 390. Accordingly, as Appellant concedes the issue in the instant case is the same, and our Supreme Court has not yet rendered a decision, Appellant is not entitled to relief on this issue.

Next, Appellant contends the trial court erred in permitting the Commonwealth to amend the criminal information at the close of its case in chief. Appellant's Brief at 37–42. Specifically, Appellant asserts that the amended information included "additional and different offenses" without notice which "substantially prejudiced" Appellant. *Id.* at 41–42.

In *Commonwealth v. Mentzer*, 18 A.3d 1200 (Pa.Super.2011), we set forth our considerations in determining whether the trial court erred in permitting the amendment of the information.

> [W]hen presented with a question concerning the propriety of an amendment, we consider:
>
>> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.
>
> [*Commonwealth v.*] *Sinclair*, 897 A.2d [1218, 1221 (Pa.Super.2006) ] (quoting *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa.Super.2001), appeal denied, 567 Pa. 756, 790 A.2d 1013 (2001) (citation omitted)). Additionally,

> [i]n reviewing a grant to amend an information, the Court will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.
>
> *Id.* at 1222. Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:
>
>> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.
>
> *Id.* (citation omitted).

*Mentzer*, 18 A.3d at 1202–03.

The trial court concluded as follows.

> [S]ince Appellant's counsel had entered his notice of appearance on February 17, 2011, there were several filings with the Clerk of Courts indicating counsel was aware of the proposed change. Appellant's trial counsel listed on his notice of appearance a general impairment charge and a DUI high rate of alcohol, BAC .10 to .16, and that

"there was indeed a count in the criminal complaint showing that [Appellant] was charged with a Tier 2 blood alcohol level." The court also noted that in two requests for a continuance, the charges listed included "a DUI general impairment, high rate of alcohol, .10 to .16." Lastly, the court took note that on Appellant's application to Veteran's Court, "charges were listed as DUI first offense general impairment and high rate." The court found that "most of the pleadings filed by [Appellant] indicated that it was [his] impression that the high rate of alcohol was at issue" and permitted the Commonwealth to amend the information and include a third count.

It is apparent from the record that there are multiple instances demonstrating Appellant was aware of the prosecution[']s intention to amend the information. Therefore, Appellant was not prejudiced by the amendment and the trial court did not commit error in granting the amendment.

Trial Court Opinion, 1/10/2012, at 5–6 (citations to notes of testimony omitted).

 The trial court's conclusions are fully supported by the record. It is clear that Appellant was on notice that the charge for DUI—high rate of alcohol was going to be included in his case. Moreover, Appellant does not assert any specific prejudice he suffered by this amendment, he simply makes the bald allegation the amendment "gave the Appellant absolutely no notice to which he could adequately defend himself against these charges." Appellant's Brief at 42. To the contrary, Appellant extensively cross-examined the Commonwealth's expert witness regarding Appellant's blood alcohol content. N.T., 5/7/2012, at 106–129; 132–133. At trial, Appellant suggested that he suffered prejudice because had he been on notice of the Commonwealth's intention to amend the information, he may have had the case reviewed by his own expert. *Id.* at 135. However, Appellant never requested a postponement to make those arrangements, and has not raised this issue on appeal. Accordingly, we hold that Appellant did not suffer prejudice by the amendment of the information.

Judgment of sentence affirmed.