J-S16008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEPHEN ALFRED WATKINS | |
| Appellee | No. 1164 MDA 2014 |

Appeal from the Judgment of Sentence June 16, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000690-2014

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

JUDGMENT ORDER BY PANELLA, J.                **FILED MAY 27, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the judgment of sentence entered by the Honorable Gregory M. Snyder, Court of Common Pleas of York County.  The Commonwealth argues that the trial court erred in concluding that the statutory maximum sentence for a second-time conviction for DUI-refusal is six months.  We affirm.

Appellee, Stephen Alfred Watkins, pled guilty to driving under the influence of alcohol – refusal of blood test on June 16, 2014.  As this was Watkins's second DUI offense in the last ten years, the offense was graded as a first-degree misdemeanor pursuant to 75 Pa.C.S.A. § 3803(b)(4).  The trial court concluded, over the Commonwealth's objection, that pursuant to this Court's opinion in **Commonwealth v. Musau**, 69 A.2d 754 (Pa. Super. 2013), the statutory maximum sentence for this conviction was six months.

As a result, the trial court sentenced Watkins to a term of imprisonment of time served to six months. The Commonwealth then filed this timely appeal.

On appeal, the Commonwealth argues that the trial court's reliance upon **Musau** was mistaken. First, the Commonwealth contends that this Court's opinion in **Commonwealth v. Barr**, 79 A.3d 668 (Pa. Super. 2013) implicitly overruled **Musau**. However, **Barr** did not address **Musau** or its holding that the statutory maximum for a conviction under 75 Pa.C.S.A. § 3803(b)(4) was six months. Rather, the **Barr** panel was concerned with the validity of a jury instruction on the issue of the defendant's refusal of blood testing. The panel concluded that the instruction was erroneous. **See** 79 A.2d at 677. In discussing the procedural history of the appeal, the panel noted that "the jury's 'refusal' determination also increased Appellant's statutory maximum penalty from six months' imprisonment to five years' imprisonment." **Id**., at 674.

A three-judge panel of this Court is not empowered to overrule a previously published opinion of this Court. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013). We conclude that the **Barr** panel did not intend, nor did it have the power, to overrule **Musau**.

In the alternative, the Commonwealth urges this Court to ignore **Musau** due to the Supreme Court of Pennsylvania's grant of review of this issue in **Commonwealth v. Mendez**, 71 A.3d 250 (Pa. 2013). However, the Supreme Court has recently dismissed the appeal in **Mendez** as having

been improvidently granted. **See** 2015 WL 1421402 (Pa., March 30, 2015).

Accordingly, the opinion of this Court in **Musau**[1] remains binding law upon

this panel.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015

---

[1] On October 29, 2014, the Governor signed Act 189 of 2014 into law (S.B. 1239, Session of 2014, Printer's No. 2396). This is an Act amending various provisions of the Motor Vehicle Code, 75 Pa.C.S.A., and in particular Section 3803(a), the section at issue in **Musau**. Act 189 amends Section 3803(a) by changing "Notwithstanding the provisions of" to "Except as provided in." Section 4(1)(ii) of Act 189, states that the amendment to §3803(a) shall take effect immediately, meaning on October 29, 2014. Since Watkins's sentence was entered prior to October 29, 2014, we apply the prior version of the statute.