J-A04004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.F.-M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.M. | |
| Appellant | No. 1105 MDA 2017 |

Appeal from the Order June 15, 2017
In the Court of Common Pleas of Lancaster County
Civil Division at No: CI-17-04783

BEFORE:  STABILE, NICHOLS, AND RANSOM,[*] JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JUNE 19, 2018**

Appellant, J.M.,[1] appeals from an order under the Protection From Abuse Act, 23 Pa.C.S.A. §§ 6101-6122 ("PFA Act") prohibiting Appellant from having any contact with his estranged wife's minor daughter, K.M., until November 17, 2017.  We affirm.

The record reflects that on May 17, 2017, Appellee, K.F-M., filed a PFA petition against her estranged husband, Appellant, on behalf of her minor daughter, K.M.  Following an *ex parte* hearing in which K.M. testified, the trial court granted a temporary PFA order for K.M. and scheduled a final PFA hearing for May 24, 2017.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Because this case involves a minor, we have replaced the parties' full names either with their initials or with terms such as "Appellant" and "Appellee" throughout this memorandum.

1

On May 24, 2017, both Appellant and Appellee appeared with counsel, but the parties agreed to continue the case to May 30, 2017. On May 30, 2017, both parties again appeared with counsel, and Appellee requested a continuance because of the unavailability of two material witnesses. Over Appellant's objection, the trial court continued the hearing until June 6, 2017.

The trial court held hearings on June 6, 2017 and June 13, 2017. Appellee presented evidence that Appellant exposed his genitals to K.M. and had her rub lotion on his back while he was nude. On June 13, 2017, the court issued a final PFA order against Appellant that prohibited him from having contact with K.M. until after November 17, 2017.[2] Appellant filed a timely notice of appeal from this order, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

1. Did the trial court violate [Appellant's] due process rights and disregard the clear and unambiguous language of the [PFA] Act when it granted [Appellee] a continuance which caused the hearing to be held more than 10 business days after the petition was filed?

2. Did the trial commit an error of law by entering a final [PFA] [o]rder when [Appellee] failed to prove facts which meet the definition of abuse as set forth in the [PFA] Act?

---

[2] Notably, this was not the first PFA order against Appellant. On November 3, 2016, the trial court, through the same judge, entered a PFA order against Appellant due to sexual misconduct against K.M.'s older sister, L.M. This Court affirmed that order on July 27, 2017. *See K.F.-M. v. J.W.M.*, No. 1955 MDA 2016 (Pa. Super., Jul. 27, 2017) (unpublished memorandum).

Appellant's Brief at 7.

We begin with a brief overview of the PFA Act. The PFA Act sets forth procedures by which a party may seek protection from violence, sexual abuse, or other abuse. The proceedings begin when a plaintiff files a petition pursuant to 23 Pa.C.S.A § 6106. If the petition "alleges immediate and present danger of abuse to the plaintiff or minor children, the court shall conduct an *ex parte* proceeding." 23 Pa.C.S.A. § 6107(b)(i). The court may also enter a temporary PFA order for the protection of those in immediate and present danger. 23 Pa.C.S.A. § 6107(b)(ii). The court must then hold an evidentiary hearing at which the plaintiff bears the burden of proving the allegation of abuse by a preponderance of the evidence. 23 Pa.C.S.A. § 6107(a). The defendant must be given notice of the hearing and must be notified of his or her right to be represented by counsel. *Id.* Following the hearing, the court may deny relief and dismiss the petition or grant relief by issuing a final PFA order. 23 Pa.C.S.A. § 6108.

Before addressing Appellant's arguments, we examine whether this appeal is moot due to expiration of the final PFA order on November 17, 2017. It is well-settled that

> [t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court . . . Indeed, this Court has employed exceptions to the mootness doctrine to review issues stemming from expired PFA

- 3 -

orders. ***Shandra v. Williams***, 819 A.2d 87, 90 (Pa. Super. 2003) (quoting ***Snyder v. Snyder***, [] 629 A.2d 977, 980 n.1 ([Pa. Super.] 1993)) ("Protection From Abuse Act Orders are usually temporary, and it is seldom that we have the opportunity to review one before it expires.").

***Ferko-Fox v. Fox***, 68 A.3d. 917, 920-21 (Pa. Super. 2013) (citation and quotation marks omitted). Based on this reasoning, we conclude that this case falls within an exception to the mootness doctrine, and we will address the questions raised in Appellant's brief.

Appellant first argues that the trial court violated the PFA Act by continuing his evidentiary hearing for more than ten business days after the filing of the PFA petition. According to Appellant, the PFA Act required the trial court to hold his PFA hearing within ten business days after the filing of the PFA petition, or by June 1, 2017, and the failure to hold his hearing within this time period entitles him to reversal of the PFA order. We disagree.

The PFA Act provides: "Within ten business days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence." 23 Pa.C.S.A. § 6107(a). Section 6107(b) continues:

> (1) If a plaintiff petitions for temporary order for protection from abuse and alleges immediate and present danger of abuse to the plaintiff or minor children, the court shall conduct an *ex parte* proceeding.
>
> (2) The court may enter such a temporary order as it deems necessary to protect the plaintiff or minor children when it finds they are in immediate and present danger of abuse. The order shall remain in effect until modified or terminated by the court after notice and hearing.

23 Pa.C.S.A. § 6107(b). Finally, Section 6107(c) provides: "If a hearing under subsection (a) is continued and no temporary order is issued, the court may make *ex parte* temporary orders under subsection (b) as it deems necessary."

Appellant posits that the term "shall" in Section 6107(a) makes the ten-day rule a hard and fast requirement. This argument fails due to our decision in ***Ferko-Fox*** that trial courts have the discretion to continue PFA hearings more than ten business days after the filing of PFA petitions:

> Pursuant to § 6107(c), trial courts have discretion to continue evidentiary hearings regarding final PFA orders and enter appropriate temporary *ex parte* orders to cover the intervening time. See 23 Pa.C.S. § 6107(c) ("If a hearing under subsection (a) [relating to evidentiary hearing on final PFA order] is continued and no temporary order is issued, the court may make *ex parte* temporary orders under subsection (b) as it deems necessary."). Keying on the conjunction "and" in the proviso, [the appellant] asserts that subsection (c) is inapplicable in the instant case . . . [The appellant] posits that the provision does not apply where, as here, a trial court issued the temporary *ex parte* order pursuant to § 6107(b) before continuing the evidentiary hearing . . . We reject [the appellant's] premise that the trial court's ability to grant a continuance is dependent upon the absence of a previously entered *ex parte* order. In actuality, it is clear to this Court that the provision simply accords trial courts the authority to enter *ex parte* orders, if needed, in order to protect a petitioner from abuse pending the continuation of the evidentiary hearing. Accordingly, [the appellant's] contrary interpretation of the trial court's statutory authority to continue the evidentiary hearing is unpersuasive.

***Ferko-Fox***, 68 A.3d at 926.

Although Appellant assails ***Ferko-Fox*** as "poor statutory interpretation," Appellant's Brief at 18, this does not help his cause. As a prior published opinion, ***Ferko-Fox*** is binding upon this panel. ***Commonwealth***

*v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013) ("[a] panel [of this Court] is not empowered to overrule another panel of the Superior Court"). In any event, we find ***Ferko-Fox*** logical. It is implicit from the first phrase in Section 6107(c), "if a hearing under subsection (a) is continued," that the ten-day rule in Section 6107(a) is not rigid and inflexible but allows for continuances made necessary by (among other things) congested dockets and the parties' needs.

We turn to whether the trial court's decision to grant a continuance in this case was a proper exercise of discretion. ***Ferko-Fox***, 68 A.3d at 925 ("[t]his Court reviews a trial court's decision to grant or deny a continuance for an abuse of discretion"). Appellant does not contest the first continuance from May 24, 2017 to May 30, 2017, but he objects to the continuances from May 30, 2017 to June 6, 2017 and from June 6, 2017 to June 13, 2017. On May 30, Appellee's counsel requested a continuance because two material witnesses whom she had subpoenaed for the hearing were unavailable, one because of illness and one because of a previously scheduled vacation which counsel was not aware of when she agreed to the May 30 hearing date. Both witnesses were crucial to the case because they were involved in the investigation of sexual abuse claims against Appellant by Lancaster County Children and Youth. Under these circumstances, the trial court acted within its discretion by granting a brief continuance to June 6. Furthermore, the continuance from June 6 to June 13 was necessary because there was

insufficient time to complete the hearing on June 6. For these reasons, Appellant's first argument does not entitle him to relief.

In his second argument, Appellant asserts that the evidence was insufficient to sustain the trial court's determination that he abused K.M. We disagree.

When a party argues on appeal that the evidence was not sufficient to support a PFA order, we review in the evidence in light most favorable to the petitioner, and granting her the benefit of all reasonable inferences, we determine whether the evidence was sufficient to sustain trial court's conclusion by a preponderance of evidence. *Hood-O'Hara v. Wills*, 873 A.2d 757, 760 (Pa. Super. 2005).

A series of definitions will place Appellant's acts in proper perspective. The PFA Act defines "abuse" as:

> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.
>
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4) **Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).**

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102 (emphasis added).  Chapter 63, the Child Protective Services Law, defines "sexual abuse" to include, *inter alia*, "[i]ndecent exposure as defined in 18 Pa.C.S.[A.] § 3127 . . ."  23 Pa.C.S.A. 6303(a) (subsection (2)(viii) of definition of "sexual abuse or exploitation").

Section 3127 of the Crimes Code defines "indecent exposure" as "expos[ing]" one's genitals "in any place where there are present other persons under circumstances in which he . . . knows or should know that this conduct is likely to offend, affront or alarm."  18 Pa.C.S.A. § 3127(a).  One acts knowingly with respect to a material element of an offense when, "if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result."  18 Pa.C.S.A. § 302(b)(2).

In this case, the trial court observed the following:

[Appellant] contends that he did not intentionally expose his genitals to K.M.  Despite this contention, under the totality of the circumstances it is reasonable to infer that [Appellant]'s intention was clear and purposeful.  He invited a female child of twelve years of age into his bedroom while he was totally disrobed; his full body, including his genitals, was plainly visible to K.M. He instructed K.M. to rub lotion on his back.  K.M. testified that she did, indeed, see [Appellant]'s genitals.  There was no indication

that the exposure was accidental, as might have been the case if [Appellant] had wrapped a towel around himself and the towel then slipped. K.M. was present in [Appellant]'s bedroom at his invitation and at his direction. It was not customary in this family for either of the parents to be naked in the presence of their children. [Appellant] surely knew that his conduct was likely to offend, affront or alarm K.M. The Court, having heard the testimony of K.M.'s sister, L.M., in the L.M. [c]ase, discerns that there is a pattern of behavior on the part of [Appellant] which is disturbingly sexual in nature and intent. In these several instances, [Appellant] acted with the knowledge, intent and motive to expose himself . . . .

While there was just one incident involving abuse by [Appellant] where K.M. was the victim, the disturbing pattern established with K.M.'s older sister in the L.M. case suggests that [Appellant] was involved in grooming his daughters for further sexual misconduct and abuse.

Trial Court Opinion, 9/8/17, at 15-16, 17-18.

The trial court's opinion accurately recounts the evidence of record. Construed in the light most favorable to Appellee, the evidence demonstrates that Appellant committed the act of indecent exposure against K.M. This evidence was sufficient to sustain the trial court's determination of abuse by a preponderance of the evidence.[3]

Order affirmed.

---

[3] The trial court also determined that Appellant committed an act of indecent assault against K.M. We need not analyze whether Appellant committed this act, because his commission of indecent exposure is sufficient to sustain the trial court's determination of abuse.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>06/19/2018</u>