J-A17039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ILYA SIVCHUK AND VIV ASSOCIATION, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1843 EDA 2021 |
| SOVEREIGN BANK D/B/A SANTANDER BANK AND NEVADA FIRST FEDERAL, LLC AND FIRST COMMERCE, LLC | : | |

Appeal from the Order Entered August 25, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  151200887

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 11, 2022**

Appellants, Ilya Sivchuk ("Sivhuk") and VIV Association, LLC ("VIV")[1], appeal from the order granting attorneys' fees in favor of appellees, Sovereign Bank d/b/a Santander Bank and Nevada First Federal, LLC ("NFF"), and First Commerce, LLC, in the aggregate amount of $94,149.34. This matter comes before us after a previous panel of this Court determined that: (1) appellants "were not entitled to relief with respect to an award of attorneys' fees, which were clearly authorized in the event of default[]"; and (2) as attorneys' fees were therefore appropriate, a remand was necessary for the lower court to

_____

* Retired Senior Judge assigned to the Superior Court.

[1]  There is ambiguity in the record as to whether the party's correct name is "VIV Association, LLC" or "VIV Associates, LLC."

ascertain a reasonable and non-arbitrary award of those fees. ***Sivchuk v. Sovereign Bank***, 2020 WL 4220048, at *3, 5 (Pa. Super., July 23, 2020) (unpublished memorandum), *appeal denied* 249 A.3d 503 (Pa. 2021). On appeal, appellants present one issue, which solely challenges whether, in accordance with the contract between the parties, there should have been an award of attorneys' fees. As the validity of attorneys' fees, pursuant to the parties' contract, has already been litigated and ruled upon by this Court and, too, because appellants have not challenged any aspect of the attorneys' fees computations following remand, we affirm.

As cogently summarized by this Court:

VIV secured three promissory notes from Sovereign Bank between 2007 and 2010 for commercial improvements on VIV's properties. The notes were guaranteed by Sivchuk and collectively totaled more than $1,500,000 in the form of a variable rate construction loan note, a variable interest term note, and a line of credit note. The agreements with respect to each note contained cross default clauses and included provisions permitting the lender to recover reasonable attorneys' fees in connection with, *inter alia*, enforcement of the agreements. The notes were extended several times.

Appellants defaulted on the term loan when it matured in March 2011, triggering the cross default clauses on the construction loan and the line of credit. The notes, with an aggregate principal sum approaching $2,000,000 at that time, were modified and extended by a forbearance and modification agreement in June 2011. On September 13, 2011, Sovereign Bank offered to extend the forbearance. On September 23, 2011, before Appellants accepted the extended forbearance, Sovereign Bank sold and transferred the notes and loan documents to NFF.

In light of Appellants' failure to make required payments from June through October 2011, NFF, through First Commerce, applied the default interest rate to the notes pursuant to the terms

- 2 -

of the forbearance. After failed attempts to negotiate a discounted payoff of the notes, Appellants paid the notes in full on December 15, 2011, and the mortgages were released.

On December 15, 2015, Appellants filed a writ of summons, followed by the filing of a complaint on April 27, 2016, in which they alleged breach of contract and resulting damages against NFF and First Commerce. NFF and First Commerce filed preliminary objections. In July 2016, after the trial court sustained some of the objections, NFF and First Commerce filed an answer and new matter to the remaining claims. Appellants filed their reply to new matter in August 2016. From February 1, 2017 until October 25, 2017, the case was on deferred status due to Appellants' counsel being indicted on criminal charges. The case eventually proceeded to a bench trial on June 12 and 13, 2018.

On October 17, 2018, the trial court entered a verdict in favor of NFF and First Commerce, and awarded them $8,000 in attorney[s'] fees. Appellants filed a *pro se* appeal to this Court on the same day at No. 3417 EDA 2018. NFF and First Commerce filed a motion for post-trial relief on Monday, October 29, 2018, asking the court to modify the verdict and grant reasonable attorney fees. The trial court granted the motion on November 14, 2018, and increased the award of attorney fees to $16,000. On December 11, 2018, NFF and First Commerce filed an appeal at No. 3697 EDA 2018.

*Sivchuk*, 2020 WL 4220048, at *2.

While the previous panel determined that the lower court's award of attorneys' fees was proper, it simultaneously found that the court "initially awarded $8,000 in fees without any explanation. Then the court doubled that seemingly arbitrary award, offering a vague basis for doing so[.]" *Id*., at *5. As such, because there was a lack of a "sufficient record or analysis regarding the award," *id*.; *see also Sutch v. Roxborough Memorial Hospital*, 142 A.3d 38, 71 (Pa. Super. 2016) (establishing that a lower court must make factual findings or utilize evidentiary support to validate the reasonableness

of attorneys' fees), a remand was required for the court to reconsider, with specificity, the amount it would award.

Upon remand, appellees filed a motion for attorneys' fees, which was ultimately granted following oral argument. In the corresponding order, the lower court awarded $70,368.66 for costs and fees that were "reasonably incurred" up until the time that appellees filed their first fee application, $22,530.68 for costs and fees accrued in the prior appeal to this Court, and $1,250 for costs and fees associated with the time spent preparing their motion that followed remand. Order, 8/25/21, at 1 (unpaginated). Therefore, in total, the court granted $94,149.34 in costs and fees. Appellants appealed this decision, and the relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925.

With the appeal being ripe for review, we note that appellants' only argument is that "there was no uncured default which is a pre-requisite, a condition precedent, to an enforcement action under the commercial contracts between these parties." Appellant's Brief, at 4. Appellants' attempt to relitigate whether attorneys' fees are appropriate is in contravention of an already determined outcome. A prior panel of this Court found that attorneys' fees were authorized given, *inter alia*, that the appellants "did not make any payment from [July 15, 2011, when appellants allegedly sent a check that should have been credited against their account,] until September 1, 2011 under the forbearance agreement or between September 1 and December 11,

2011 under the extension agreement." **Sivchuk**, 2020 WL 4220048, at *3. Following this decision, our Supreme Court denied the appellants' petition for allowance of appeal.

"This panel is not empowered to overrule another panel of the Superior Court." **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) (citations omitted). In addition, when a case is remanded, a lower court "must comply strictly with the mandate of the higher court." **Commonwealth v. Williams**, 877 A.2d 471, 475 (Pa. Super. 2005) (citation omitted) (writing, further, that the lower court abuses its discretion when it reaches a conclusion on an issue not contained within, or fairly suggested by, the remand order). Here, the previous panel unambiguously determined that it was not in error for the lower court to have awarded attorneys' fees. While that panel remanded for the court to make findings to justify its ultimate award, the lower court complied with this Court's directive to establish, precisely, what a reasonable amount would be.

The issue presently before this Court, attacking the validity–not the amount or reasonableness–of attorneys' fees, is materially the same as one of the arguments presented by the appellants in the previous iteration of this case. **See** Appellant's Brief, at 4-12. Appellants were not entitled to relief then and have, in the present matter, presented no compelling basis, legal or otherwise, to deviate from that prior conclusion. Whatever validity appellants now suggests their argument holds should have been, or was already, raised

when this matter was initially appealed approximately three years ago.

Even through a strenuous reading of appellants' brief, we are unable to find a *single* sentence dedicated to the reasonableness of the court's attorneys' fees calculations. Stated differently, appellants have not challenged any particular aspect of the order they have purported to have appealed from.

Although appellants clearly see no impediment to the argument they now advance, given that the present matter is being decided by a three-judge panel, we cannot contradict a prior determination of this Court. Otherwise, making such a ruling would result in a second investigation into whether attorneys' fees were warranted, effectively giving appellants another bite at the proverbial apple. The end result, should we have found differently from the prior panel, would have inherently created contradiction. Therefore, based purely on the averment they have now advanced before this Court, appellants are not entitled to relief.[2]

Accordingly, we affirm the order granting attorneys' fees in favor of the appellees.

_____

[2] Even if we were to evaluate the reasonableness of the awarded fees, we glean from the trial court's opinion that it considered the appropriate factors in determining the attorneys' fees award, ***see, e.g.***, ***Richards v. Ameriprise Financial Services, Inc***., 217 A.3d 854, 868 (Pa. Super. 2019) (citation omitted), and reached a reasonable conclusion. ***See*** Trial Court Opinion, 3/11/22, at 4-6 (illuminating, among other areas, the attorneys' hours spent on this case, the reasonableness of the attorneys' asserted hourly rates, the amount of filings that were necessary throughout this litigation, and the proportionality of the fees awarded vis-à-vis the damages that had been sought).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/11/2022</u>