**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EION JOSEPH MCCLINTICK | : | |
| | : | |
| Appellant | : | No. 882 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 6, 2023
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000213-2022

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: June 28, 2024**

Appellant, Eion Joseph McClintick, appeals from the judgment of sentence entered in the McKean County Court of Common Pleas, following his jury trial convictions for indecent assault and simple assault, and bench trial conviction for the summary offense of harassment.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 23, 2022, the Commonwealth filed a criminal information charging Appellant with rape, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, strangulation, indecent assault, simple assault, harassment, and disorderly conduct, for offenses he allegedly committed with

---

[1] 18 Pa.C.S.A. §§ 3126(a)(2); 2701(a)(1); and 2709(a)(1), respectively.

a minor victim (born in January 2005) on or about August 1, 2020.[2]

On November 28, 2022, the Commonwealth filed a motion to amend the criminal information seeking to amend the date range of the alleged offenses to be between May 27, 2021 and June 1, 2021, based on the victim's statements that the offenses occurred around Memorial Day weekend 2021. The court held a hearing on the motion on December 7, 2022, and granted the request. The Commonwealth filed the amended criminal information on December 8, 2022.[3] The Commonwealth filed a second motion to amend the criminal information on December 20, 2022, seeking to amend the date range of the alleged offenses to between May 9, 2021 and June 25, 2021.[4] The court held a hearing on February 24, 2023. On March 6, 2023, the court granted relief, in part, permitting the Commonwealth to amend the date range of the alleged offenses to be between May 29, 2021 and June 7, 2021. The court entered another order on March 10, 2023, clarifying this date range. On March 14, 2023, the Commonwealth filed an amended criminal information with the date range of the alleged offenses as between May 29, 2021 and June 7, 2021.

Appellant proceeded to a jury trial on March 27, 2023. During trial, the

---

[2] The criminal complaint provided a date range of August 2020 to June 2021.

[3] The amended criminal information set the date range for some of the alleged offenses as "on or about between" May 28, 2021 and June 1, 2021.

[4] At a subsequent hearing, the Commonwealth stated that it meant to amend the date range of the offenses to between May 29, 2021 (not May 9th) and June 25, 2021.

Commonwealth made an oral request to amend the criminal information to a date range of the offenses through June 20, 2021, based upon the testimony provided by the victim at trial. Over Appellant's objection, the court granted the request. At the conclusion of trial, the jury convicted Appellant of indecent assault and simple assault; the court convicted Appellant of summary harassment.[5] The Commonwealth formally filed a third amended criminal information on March 30, 2023, to comport with the trial court's order granting the Commonwealth's oral motion to amend, with the date range of the offenses as between May 29, 2021 and June 20, 2021.

On July 6, 2023, the court sentenced Appellant to an aggregate 208 days to 23½ months' imprisonment with credit for time served and immediate parole, and a concurrent term of two years' probation. Appellant timely filed a notice of appeal on August 4, 2023. On August 7, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, which Appellant timely filed on August 28, 2023.

Appellant raises one issue for our review:

> Did the trial Court err in granting the Commonwealth's mid-trial request to amend the Criminal Information, thereby extending the period for which [Appellant] was required to defend against without proper notice?

(Appellant's Brief at 4).

Appellant argues that he suffered prejudice as a result of the

---

[5] Appellant was acquitted of the other offenses charged.

Commonwealth's mid-trial amendment to the criminal information. Specifically, Appellant asserts that the amendment changed the factual scenario allegedly supporting the charges and added facts previously unknown to Appellant—namely, when the offense allegedly occurred. Appellant contends that he prepared for trial based on the factual scenario set forth at the preliminary hearing, and clarified at the February 24, 2023 hearing, during which the Commonwealth alleged that the crime occurred "[a]round Memorial Day," on a Saturday, while school was still in session (before June 7, 2021, when the juvenile believed school had ended for the year). (*Id.* at 26-27). Appellant maintains that the court set the date range of the alleged offense(s) from May 29, 2021 to June 7, 2021. Appellant avers that he relied on this information in preparing his defense by filing a notice of alibi witnesses who could verify his whereabouts during the weekend of May 29-31, 2021. Appellant claims he also produced his mother as a witness, and elicited testimony from the alleged victim, to demonstrate that Appellant and the victim were outside of McKean County during the weekend of June 6-7, 2021. Appellant emphasizes testimony from the alleged victim wherein she admitted that the alleged crime did not occur between May 29-June 7, 2021.

Appellant insists that he engaged in substantial trial preparation to address the timeline alleged in the criminal information, and Appellant's trial strategy was focused on addressing the timeline and the impossibility that the offense(s) could have occurred as alleged. Appellant submits that allowing

the Commonwealth to amend the criminal information to extend the timeline of the alleged offense(s) beyond June 7, 2021 was very prejudicial, where Appellant had no notice to prepare an alibi defense for any dates after June 7, 2021. Appellant stresses that the Commonwealth's mid-trial amendment was its third amendment to the criminal information. Appellant further avers that the court denied his request for a mistrial, which could have afforded Appellant additional time for defense investigation and to subpoena additional defense witnesses related to the expanded date range. Appellant complains the court also sustained the Commonwealth's objection to Appellant's attempt to introduce photographs of Appellant and the alleged victim at a birthday party during one of the weekends in the expanded date range and a corresponding social media post.

Appellant proclaims that the Commonwealth's "pattern of repeatedly changing witness testimony, and then amendments to the criminal Information to change or expand the asserted dates of the crime, in essence created a shell game or moving target for which Appellant was denied the ability to fairly defend against." (*Id.* at 32). Appellant insists that the court's allowance of the mid-trial amendment left Appellant unprepared to present additional impeachment and/or alibi testimony to address the entirety of the newly expanded allegations. Appellant concludes the court abused its discretion in granting the mid-trial amendment to the criminal information, and this Court must vacate his judgment of sentence and remand for a new

trial. We disagree.

"We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion." *Commonwealth v. Moffitt*, 305 A.3d 1095, 1099 (Pa.Super. 2023) (internal citation omitted). Pennsylvania Rule of Criminal Procedure 564 governs the amendment of a criminal information as follows:

> **Rule 564. Amendment of Information**
>
> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. "The purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Moffitt, supra* at 1101 (internal citation omitted).

This Court has explained:

> When presented with a question concerning the propriety of an amendment, we consider:
>
> Whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially

- 6 -

different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

Additionally, in reviewing a grant to amend an information, the [c]ourt will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Commonwealth v. Beck*, 78 A.3d 656, 660 (Pa.Super. 2013) (internal citations and quotation marks omitted; reformatting provided).

In *Commonwealth v. Samuel*, 102 A.3d 1001 (Pa.Super. 2014), *appeal denied*, 635 Pa. 742, 134 A.3d 56 (2016), the appellant alleged on appeal, *inter alia*, that the trial court erred by allowing the Commonwealth to amend the criminal informations filed against him. Specifically, the appellant claimed the court erred in permitting the amendment, which had the effect of backdating the appellant's involvement in a cocaine distribution ring. In

addressing this issue, this Court explained:

> In this case, the original information alleged a period of criminal activity from October 5, 2011 to November 4, 2011, the date of [the appellant's] arrest. On February 28, 2012, as a result of information learned from the Grand Jury investigation that commenced following [the appellant's] arrest, a second set of charges relating to the same time period was filed against [the appellant].
>
> Subsequently, based upon further information obtained from the Grand Jury investigation, the Commonwealth sought to amend the informations filed against [the appellant] (and his cohorts) only for the purpose of extending the period of their criminal activities back to January 1, 2011. The crimes charged in the amended informations were identical to the crimes charged in the original informations. The charges involved the same pattern of events upon which the charges in the original informations were based; the amendment simply extended the period of time in which the events occurred. As such, there was no "last minute addition of alleged criminal acts" of which [the appellant] was not informed. The amendment did not run afoul of Rule of Criminal Procedure 564.
>
> [The appellant] argues that he was prejudiced because the amendments "back-dated" his involvement in the criminal enterprise. [The appellant] misses the mark with this claim. As made clear by the discussion of the relevant law above, prejudice in this context refers to charging a defendant with crimes arising out of a set of events unrelated to the conduct that served as the basis for the original charges. That did not occur in this case. …

*Id.* at 1009 (internal citations omitted).

Instantly, after hearing argument from counsel regarding the Commonwealth's request to amend the criminal information during trial, the trial court ruled as follows:

> …I understand the practical considerations presented by the Defense, from a common-sense standpoint. It makes

- 8 -

sense. We had huge dates and we had narrow dates and we had a little bit more, which I ruled on because I looked at the evidence and even though the Commonwealth asked for a broader period, at the last hearing regarding this, I just couldn't find anything in all of that. That said it went, I think, beyond the seventh [of June] or whatever it was. And then there was a request to what did you really rule? And I said, yeah, I said in court [at the last hearing], I was going to go, I think it was to the 20th. But I just didn't see anything here that could possibly get to that day.

So, from a practical standpoint, the Defense is absolutely right. This has been all over the place. It's this big, it's this small, it's this big. By pointing that out, I'm not faulting the Commonwealth, I mean, the witness's testimony is what it is. They can't, of course, tell them we'll stick to this, or don't change that the witnesses have to answer the way they answer. So, it's not Counsel's doing, it's just, the witness has been all over with these dates.

And the argument that while we prepared for this date time period, that makes practical sense. But again, I have to follow the law. The law is the law. In [**Samuel, supra**], I'm going to read part of it. "Samuel argues that he was prejudiced because the amendments backdated his involvement in the criminal enterprise. Samuel misses the mark with this claim. As made clear by the discussion of the relevant law above, prejudice in this context refers to charging the defendant with crimes arising out of a set of events unrelated to the conduct that's served as the basis for the original charges." There isn't different conduct alleged if you change the date [in this case].

This witness has been clear that there was one incident that she's asserting, whether it's clearly accepted is up to the Jury, but it isn't well this happened this weekend, that weekend, that weekend it's nope we're here for one alleged incident. It's just, when did it happen? And today she provided testimony that would set that date to June 20th, 2021.

Because of that, I'm compelled by [**Samuel**]. As well as the other cases cited, in my previous opinion, to grant the motion to go up to the end date of June 20th, 2021.

- 9 -

(N.T. Trial, 3/27/23, at 74-76).

The record supports the court's analysis. As the trial court stated in its earlier opinion granting the Commonwealth's second motion to amend the criminal information:

> Here, the Commonwealth has strived to narrow the date. Considering the age of the victim and the nature of the charges, as well as the above authority, this time period is not too broad so as to violate [Appellant's] due process rights.
>
> The defense asserts that the victim's testimony about the date range is unreliable and incredible. [Appellant asserts] that the victim only changed the date to avoid [Appellant's] alibi defense. However, this argument ignores the court's role here. We are not the judge of credibility and/or accuracy. It [is] our responsibility to determine if there is some basis to support the dates asserted by the Commonwealth and that there have been reasonable attempts to limit that date range. We find [here] that there was.[2]
>
> > [2] It is true that the victim's testimony about the date of the alleged offense has changed several times and, at least at times, is confusing. These changes and the confusion, such as Memorial Day being in June, may or may not cause the jury, as finder of fact, to question the victim's ability to accurately recall events. However, and again, that is not the court's responsibility here.

(Opinion, filed 3/6/23, at 8).

Here, the Commonwealth's request to amend the criminal information did not alter the basic elements or factual scenario of the crimes charged. *See Samuel, supra*; *Beck, supra*. The Commonwealth's theory of the case has remained the same throughout the life of this case that Appellant's assault

on the victim took place **on or around** Memorial Day weekend in 2021.[6]  In ruling on the Commonwealth's second motion to amend, the court limited the proffered date range to between May 29, 2021 and June 7, 2021 because at the February 24, 2023 hearing, the Commonwealth's evidence reflected that the offenses occurred within that date range.   Nevertheless, on cross-examination at trial, the victim admitted that the assault did not occur on Memorial Day weekend of 2021, and she stated that it took place during "a weekend, after school let out on June 3rd, and before [she and Appellant] broke up June 25th or sooner[.]"  (N.T. Trial, 3/27/23, at 42).

As this Court stated in **Samuel**, and as the trial court explained in its ruling, "prejudice in this context refers to charging a defendant with crimes arising out of a set of events unrelated to the conduct that served as the basis for the original charges.  That did not occur in this case."  **Samuel, supra** at 1009.[7]  Here, the Commonwealth did not seek to violate the purpose of Rule

_____

[6] We note that Rule 560 addresses the filing of a criminal information and provides that "if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient[.]"   Pa.R.Crim.P. 560(B)(3).

[7] Although Appellant attempts to distinguish **Samuel** as related to a pre-trial amendment to the criminal information as opposed to one made during trial, we disagree that this difference is dispositive here.  Appellant suggests on appeal that he moved for a mistrial, which "was the only way to give Appellant sufficient notice to prepare a defense" based on the new date range. (Appellant's Brief at 30).  Nevertheless, Appellant does not attack the court's ruling denying his motion for a mistrial on appeal.  To the extent Appellant
*(Footnote Continued Next Page)*

- 11 -

564 by adding "last minute" criminal acts of which Appellant was uninformed. *See* Pa.R.Crim.P. 564; *Moffitt, supra*. We cannot say that the trial court abused its discretion under these circumstances. *See id.* Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

6/28/2024

---

attempts to do so, that claim would be waived for failure to challenge the ruling on his motion for a mistrial in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not raised in concise statement are waived).