J-A16023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. HOLDEN | : | |
| | : | |
| Appellant | : | No. 1839 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004725-2021

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 30, 2025**

Michael Holden appeals from the judgment of sentence entered after he entered a conditional guilty plea to openly carrying a firearm in the City of Philadelphia without a license. 18 Pa.C.S. § 6108. He challenges the statute's constitutionality. After briefing in this case, this Court held in another case that section 6108 is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. ***Commonwealth v. Sumpter***, _ A.3d _, 2025 PA Super 124, 2025 WL 1743218 (Pa. Super. 2025). We follow ***Sumpter*** and reverse.

On July 17, 2020, Holden possessed a handgun in his waistband in a food market in Philadelphia. Police charged Holden with violating, *inter alia*, section 6108. On May 25, 2023, Holden moved to dismiss the section 6108 charge on constitutional grounds. He entered a conditional guilty plea, reserving "the right to appeal the constitutionality facially and as applied of"

section 6108. The trial court thereafter heard argument on June 29, 2023, October 11, 2023, and December 1, 2023. The trial court denied Holden's motion on December 1, 2023.

On February 13, 2024, the trial court sentenced Holden to the agreed term of 6 to 12 months of imprisonment with immediate parole, followed by 2 years of reporting probation. Holden filed a motion for reconsideration, which the trial court denied. Holden timely appealed. Holden and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Holden argues first that section 6108 violates constitutional equal protection rights. He contends that this Philadelphia-specific law creates "differential harsh treatment" compared to anywhere else in Pennsylvania. On June 24, 2025, Holden filed a post-submission communication pursuant to Pennsylvania Rule of Appellate Procedure 2501, attaching a copy of this Court's decision in **Sumpter**.

This Court credited an identical argument to Holden's in **Sumpter**, _ A.3d at _, 2025 WL 1743218, at *1. Riyadh Sumpter, like Holden, appeared in public in Philadelphia with a handgun protruding from his waistband. Sumpter challenged section 6108 on equal protection grounds, which we read as an as-applied challenge to the statute "insofar as it prohibits the unlicensed open carry of firearms on public streets and public property in Philadelphia." **Id.** at *1–2. We determined that decisions from the Supreme Court of the United States abrogated our previous rejection of a similar claim. **Id.** at *3–4 (concerning **Commonwealth v. Scarborough**, 89 A.3d 679 (Pa. Super.

- 2 -

2014)). We concluded that section 6108 violated equal protection as applied to Sumpter:

> Open carry without a license is lawful for those 18 years of age and older elsewhere in the Commonwealth but criminal in Philadelphia. Thus, § 6108 places persons within the City of Philadelphia at a special disadvantage in the exercise of their Second Amendment right. The Commonwealth has failed to articulate a compelling interest in support of § 6108. Section 6108 fails to pass strict scrutiny and is therefore unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as applied to [Sumpter].

*Id.* at *8.

A three-judge panel of this Court is bound to follow existing precedent. ***Commonwealth v. May***, 271 A.3d 475, 482 (Pa. Super. 2022) (citing ***Commonwealth v. Beck***, 78 A.3d 656 (Pa. Super. 2013)). Because Holden engaged in the same conduct and presented the same argument as Sumpter, we follow ***Sumpter*** and rule that section 6108 is unconstitutional as applied to Holden. Based on our ruling, we do not reach Holden's alternative arguments under the Second Amendment and the Pennsylvania Constitution.

Application to accept post-submission communication under Rule 2501 granted. Judgment of sentence vacated. Conviction reversed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2025