J-S19026-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MUWSA GREEN | : | |
| | : | |
| Appellant | : | No. 2002 EDA 2018 |

Appeal from the PCRA Order Entered May 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002785-2008,
CP-51-CR-0014817-2007

BEFORE: LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 17, 2019**

Because the posture of Appellant's case is similar substantially to the precedent cited by the Majority, I am constrained to join the Majority's memorandum quashing Appellant's appeal. Majority at 5 (citing ***Commonwealth v. Williams***, ___ A.3d ___, 2019 WL 1272699 (Pa. Super. 2019) (quashing appeal listing multiple docket numbers filed *pro se* by incarcerated PCRA petitioner three days after release of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018)). I write separately to express my belief that ***Williams*** is not congruent with the Supreme Court's decision in ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017).

In ***Burton***, our Supreme Court examined the types of information to which prisoners have access while incarcerated. The impetus to such examination was to determine the scope of an exception to the jurisdictional

_____
*Retired Senior Judge assigned to the Superior Court.

timeframe for filing a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  By way of background, the PCRA permits petitioners to file a petition outside of the statute's general timeframe if the petitioner is able to plead and prove the discovery of facts that were unknown to the petitioner and could not have been ascertained with due diligence.    42 Pa.C.S. § 9545(b)(1)(ii).    A presumption exists that information in the public domain cannot be "unknown" for the purposes of subsection 9545(b)(1)(ii).  In other words, publically available information will be deemed to be known by the petitioner for purposes of determining whether subsection 9545(b)(1)(ii) applies, whether or not the petitioner had actual knowledge of such information.

Burton, supported by former prisoners participating as *amici*, argued that it was unreasonable to apply this presumption to him due to his lack of access to information in the public domain as a result of his incarceration. Our Supreme Court found this argument to be persuasive.  The Court noted that the prisoners' access to the public domain is "distinctly compromised," and summarized at length the arguments set forth by *amici* to support this conclusion.  **Burton**, 158 A.3d at 636-38.  For example, according to *amici*, prisoners do not have unfettered access to the internet; instead, they must "view materials which have been loaded onto the computer from a CD–ROM and which are periodically updated."  **Id.** at 636.  Many prisoners do not know how to use computers, particularly if they entered prison many years

J-S19026-19

ago. *Id.* Furthermore, "prisoners have limited physical access to prison law libraries, as they must submit a request and be granted permission to use the library." *Id.* at 637. Obtaining information outside of prison in hampered by the inmates' inability to afford to pay for "phone calls, stationery, envelopes, postage, and copying fees," and restrictions on who the prisoners may contact. *Id.* Library staff do not necessarily have legal training or experience, and are prohibited from providing legal advice to inmates. *Id.* Accordingly, the prisoners' lack of access to information led the Supreme Court to hold the presumption that information in the public domain is known to PCRA petitioners cannot apply to incarcerated petitioners. *Id.* at 638.

*Burton* arises in a different context, but the heart of the issue is the same. *Pro se* incarcerated litigants simply do not have access to information in the same manner as other litigants. Appellant's notice of appeal was filed on June 18, 2019; it is likely he and other prisoners in his position were not aware that *Walker* had been decided. It is unfair and unreasonable for courts to expect incarcerated *pro se* litigants to know that they needed to comply with *Walker's* mandates before they could even learn that *Walker* existed.[1] Were it not for *Williams*, based on the concerns recognized in

---

[1] I recognize that *Burton*'s holding applies specifically to information in the public domain and not to judicial decisions. But this largely is for reasons unrelated to prisoner's access to information; instead, it is because a judicial decision is not a "fact" for purposes of subsection 9545(b)(1)(ii),
*(Footnote Continued Next Page)*

- 3 -

*Burton*, I would not demand strict compliance with *Walker*'s holding by incarcerated *pro se* litigants until a reasonable time had passed enabling those litigants to have the opportunity to become aware of *Walker*. *C.f. Matter of M.P.*, 204 A.3d 976 (Pa. Super. 2019) (recognizing *Walker*'s mandate but addressing merits of single appeal from different docket numbers in case involving termination of parental rights). But alas, I must concur with the Majority that we must quash this appeal, despite the harsh result. *See Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court.").

*(Footnote Continued)* ————————————

*Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013), and the statutory time-bar exception that does apply to judicial decisions "precludes consideration of the petitioner's knowledge" of the decision. *Burton*, 158 A.3d at 636 (emphasis removed). Even though the petitioner's knowledge is not relevant, it is notable that the PCRA provides petitioners with an opportunity to discover a judicial decision. *Commonwealth v. Lee*, 206 A.3d 1, 6 n.8 (Pa. Super. 2019) (*en banc*) (explaining that PCRA petitioners have 60 days or one year after a judicial decision to discover its existence and to file a petition relying upon it, depending on which version of the PCRA applies). Therefore, I still find the analysis in *Burton* to be pertinent to courts' expectations for *pro se* litigants' compliance with *Walker*.