J-S41033-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL CLINT RANKIN, | : | |
| | : | |
| Appellant | : | No. 15 MDA 2019 |

Appeal from the PCRA Order Entered December 7, 2018
in the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000197-2015
CP-50-CR-0000340-2016

BEFORE:    LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 16, 2019**

Michael Clint Rankin (Appellant) *pro se* appeals from the December 7, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  In accordance with our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash this appeal.

We glean the following procedural history from the record.  On September 12, 2016, Appellant pleaded guilty at Docket 340 of 2016 to one count of aggravated indecent assault, and at Docket 197 of 2016 to one count of institutional sexual assault, for conduct occurring in 2015 and 2016.  During his plea hearing, Appellant signed a "Megan's Law Colloquy" indicating that he understood his registration requirements under

---

*Retired Senior Judge assigned to the Superior Court.

Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42. On January 25, 2017, Appellant was sentenced to an aggregate term of 36 to 96 months of incarceration and designated as a Tier III sexual offender under SORNA. Appellant did not file post-sentence motions or a direct appeal.

On September 21, 2017, Appellant *pro se* filed timely the instant PCRA petition, arguing that his registration requirements violated **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[1] Counsel was appointed, and counsel filed a "no-merit" letter and petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 28, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and granted counsel's petition to withdraw.

Appellant filed a response, objecting to counsel's motion to withdraw. While conceding that technically there was no *ex post facto* violation by applying SORNA in his case, he argued that SORNA's registration requirements were imposed on him retroactively because he filled out a colloquy labeled "Megan's Law," not "SORNA," and because SORNA was not

---

[1] In **Muniz**, our Supreme Court held that certain registration provisions of SORNA are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution.

mentioned by name at his sentencing hearing. **See** Appellant's Response to Rule 907 Notice, 9/17/2018, at 4-7. Additionally, Appellant alleged that counsel failed to argue Appellant's right to reputation, which he contends has been violated by SORNA's registration requirements, and that the trial court breached his plea agreement. **Id.** at 4-6, 8-11.

On December 7, 2018, the PCRA court dismissed Appellant's petition "because SORNA's registration requirement, as applied to [Appellant] is not an *ex post facto* punishment, [Appellant's] Megan's Law Colloquy meets the SORNA notification requirements …, and the amendment of [D]ocket 197-2015 and modification of [Appellant's] plea agreement was not improper." PCRA Court Opinion, 12/7/2018, at 5-6 (unnumbered). This timely-filed appeal followed.[2] On February 28, 2019, this Court issued an order directing Appellant to show cause why his appeal should not be quashed pursuant to **Walker**. Appellant filed a response, and on April 1, 2019, this Court discharged the rule to show cause and referred the issue to the merits panel for disposition.

Preliminarily, we must address Appellant's failure to comply with Pa.R.A.P. 341 by filing a single notice of appeal from an order that resolved issues relating to two different docket numbers.

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a

---

[2] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...."

[] ***Walker***, 185 A.3d [at] 976 []. The Official Note now reads:

> Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In ***Walker***, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.*** (emphasis added).

***Commonwealth v. Williams***, 206 A.3d 573, 575-76 (Pa. Super. 2019).

***Walker*** was filed on June 1, 2018. Appellant filed the instant notice of appeal on December 27, 2018. Therefore, Appellant was obligated to comply with Rule 341 and ***Walker***, or face quashal. Nonetheless, in

- 4 -

Appellant's response to this Court's rule to show cause, he argued that his appeal should not be quashed because the two docket numbers were "essentially treated as one" as they involved the same course of conduct against the same victim. Response, 3/11/2019, at 1-2, 5. According to Appellant, the fact that there are two docket numbers "is a mere technicality" based solely on the fact that the conduct occurred in two different jurisdictions. *Id.* However, this Court recently rejected this same argument. *See C.T.E. v. D.S.E.*, ___ A.3d ___, 2019 WL 3369078, at \*2 n.5 (Pa. Super. 2019) (quashing husband's appeal and rejecting his "consolidated and treated as one" argument based on *Walker*'s "bright-line rule requiring that, 'when a single order resolves issues arising on more than one lower court docket, separate notices of appeal **must** be filed' and that '[t]he failure to do so **will result** in quashal of the appeal'") (quoting *Walker*, 185 A.3d at 977 (emphasis added)).

Because Appellant filed a single notice of appeal, post-*Walker*, from an order resolving issues on more than one lower court docket, this Court is compelled to quash the instant appeal. *See id.* at \*2; *Williams, supra* (quashing incarcerated defendant's post-*Walker pro se* notice of appeal,

- 5 -

filed June 4 or 5, 2018, from PCRA order resolving issues related to four different docket numbers).[3]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2019

---

[3] This author disagrees with a strict application of **Walker** to incarcerated *pro se* appellants because it is not congruent with our Supreme Court's decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) (holding that the presumption that information in the public domain is known to PCRA petitioners cannot apply to incarcerated petitioners). However, pursuant to **Williams, supra**, this author recognizes that he is constrained to apply **Walker** strictly to *pro se* incarcerated appellants. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court.").