J-A13044-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HENRY PRATT, | : | |
| | : | |
| Appellant | : | No. 3194 EDA 2018 |

Appeal from the PCRA Order Entered October 17, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002336-2015
CP-15-CR-0003331-2014

BEFORE:  SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED SEPTEMBER 13, 2019**

Henry Pratt (Appellant) appeals *pro se* from the October 17, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we quash.

We set forth the PCRA court's summary of the procedural history of Appellant's case as follows.

> On November 20, 2015 [Appellant] entered into a negotiated guilty plea [at docket number] CP-15-CR-2336-2015[,] in which he [pleaded] guilty to one count of access device fraud ….  At the same time, [Appellant] entered into a negotiated guilty plea to one count of forgery … [at docket number] CP-15-CR-3331-2014.
>
> On the same day, [Appellant] was sentenced to the agreed[-]upon sentence of two years of probation on the one count of access device fraud followed by two years of probation on the one count of forgery.  As the probation sentences were run consecutive to one another, [Appellant] received an

---

* Retired Senior Judge assigned to the Superior Court.

aggregate sentence of four years of probation. [Appellant] did not file any post-sentence motions or a direct appeal. …

On June 11, 2018, [Appellant] filed the *pro se* PCRA petition, which is now the subject of this appeal.

PCRA Court Opinion, 12/28/2018, at 1-2 (unnecessary capitalization and parenthetical numbers omitted).

Counsel was appointed, and counsel filed a "no-merit" letter and petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant *pro se* filed a response. On September 18, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant objected. On October 17, 2018, the PCRA court dismissed Appellant's petition as untimely filed and granted counsel's petition to withdraw as counsel. This timely-filed appeal followed.[1]

Preliminarily, we must address Appellant's failure to comply with Pa.R.A.P. 341 by filing a single notice of appeal from an order that resolved issues relating to two different docket numbers.

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)...."

---

[1] Appellant timely filed a concise statement pursuant to Pa.R.A.P. 1925(b), but did not serve a copy on the PCRA court. The PCRA court issued a Pa.R.A.P. 1925(a) opinion.

> *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:
>
> > Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> In *Walker*, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Walker*, 185 A.3d at 976-77. Therefore, the *Walker* Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." *Id.* at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.* Accordingly, the *Walker* Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.* (emphasis added).

*Commonwealth v. Williams*, ___ A.3d ___, 2019 WL 1272699 at \*2 (Pa. Super. 2019).

*Walker* was filed on June 1, 2018. Appellant filed the instant single notice of appeal on October 29, 2018, listing two lower court docket

numbers.[2]  Because Appellant failed to comply with Rule 341 and *Walker*,

we must quash this appeal.  *See Williams, supra* (quashing incarcerated

defendant's post-*Walker pro se* notice of appeal, filed June 4 or 5, 2018,

from PCRA order resolving issues related to four different docket numbers).[3]

---

[2] In his application for reargument, Appellant contends that he complied with Rule 341 and *Walker* because he sent two separate notices of appeal at each lower court docket number.  *See* Application for Reargument, 7/24/2019, at 2, Exhibit A.  Although Appellant includes an exhibit of the purported notices of appeal, the notices do not contain any timestamp or evidence of their mailing.  Moreover, upon review of the record, it is apparent that these purported notices of appeal were never filed and are not part of the certified record.  Finally, although Appellant filed an application to correct the record, he did not seek in that application to include the above-mentioned "missing" notices of appeal.  *See* Application for Correction of the Original Record, 1/31/2019.

> [U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.  The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record.  Simply put, if a document is not in the certified record, the Superior Court may not consider it.

*Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (citations omitted).  Because this Court may not consider documents outside the certified record, the only notice of appeal this Court may consider in addressing Appellant's *Walker* compliance is the October 29, 2018 single notice of appeal listing two lower court docket numbers, which clearly violates the mandates of *Walker*.

[3] This author disagrees with a strict application of *Walker* to incarcerated *pro se* appellants because it is not congruent with our Supreme Court's
*(Footnote Continued Next Page)*

- 4 -

J-A13044-19

Appeal quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/19

*(Footnote Continued)* ————————
decision in **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017) (holding that the presumption that information in the public domain is known to PCRA petitioners cannot apply to incarcerated petitioners). However, pursuant to **Williams, supra**, this author recognizes that he is constrained to apply **Walker** strictly to *pro se* incarcerated appellants. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court.").

- 5 -