J-S23028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
AARON BRADLEY :
:
Appellant : No. 364 EDA 2019

Appeal from the PCRA Order Entered January 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010497-2012

BEFORE: NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.: **FILED JUNE 22, 2020**

Aaron Bradley (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA), seeking relief from his jury conviction of first degree murder[2] and related offenses. On appeal, he argues prior PCRA counsel rendered ineffective assistance. We affirm.

On July 9, 2012, Appellant was arrested and charged with first degree murder, possessing an instrument of crime (PIC), and carrying a firearm on a public street in Philadelphia[3] for his involvement in the shooting death of Bruce

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

[3] 18 Pa.C.S. §§ 907(a), 6108. Appellant's criminal information also included a charge of carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), but

Fox. The case proceeded to a jury trial, which commenced on February 19, 2014.[4] The facts presented at trial, underlying Appellant's conviction, were summarized by this Court in a prior appeal as follows:

> In the early morning hours of March 27, 2010, police responded to a call of shots fired and discovered Bruce Fox shot several times . . . [in] his vehicle. Upon determining that Fox was unresponsive but breathing, the officers removed Fox from his vehicle and transported him in their police cruiser to a local trauma center. Fox was pronounced dead at 2:34 a.m.
>
> At trial, the Commonwealth called Tanaya Nelson to testify. Nelson testified that she and Appellant were previously involved in a romantic relationship. Nelson testified to suffering physical abuse at the hands of Appellant throughout their relationship. Nelson also testified that an incident occurred that led to Appellant choking her, followed by her attacking him, and resulting in criminal charges against Nelson.
>
> In October 2009, Nelson began attending All State Career Trade School, where she met the victim, Bruce Fox. The relationship between Nelson and Fox was friendly, but Nelson testified it was never romantic. In January 2010, Fox took Nelson shopping and bought her some clothes. When Appellant found out about Fox taking Nelson shopping, he became enraged and tore up the clothes Fox had purchased.
>
> On the Friday leading up to the incident, Nelson and Appellant went shopping at Wal–Mart. Appellant purchased a dresser for Nelson while at Wal–Mart, and then dropped Nelson off at her cousin's house, where Nelson lived. About an hour after arriving at her cousin's house, Nelson realized she had approximately ten missed calls from Appellant. Nelson called Appellant back, and he began to question where she was and who she was with. Appellant then went to the house and took Nelson's phone and started to go through it, wherein he saw a text from

_____

the Commonwealth did not pursue that charge at trial. *See* Information, 9/11/12.

[4] Appellant was represented by privately retained counsel, Gregory Pagano, Esquire.

- 2 -

Fox which made him angry. Appellant then left and took Nelson's cell phone with him. Nelson repeatedly called Appellant from her cousin's phone and her cousin's boyfriend's phone. Appellant returned Nelson's phone the following morning on March 27, 2010 by leaving it in Appellant's cousin's mailbox.

Upon recovering her phone, Nelson received a phone call from Philadelphia detectives asking to come and speak with her. Nelson realized that her call and text message logs had been deleted, and she had not deleted them prior to Appellant taking her phone.

***Commonwealth v. Bradley***, 2064 EDA 2014 (unpub. memo. at 2-3) (Pa. Super. 2015) (citation omitted), *appeal denied*, 506 EAL 2015 (Pa. 2015).

The Commonwealth retrieved the deleted call log and text messages *via* a forensic examination. N.T., 2/19/14, at 111-12. The examination revealed a number of text messages were sent between Nelson's phone and Fox's phone between 1:07 a.m. and 2:42 a.m. The messages from Nelson's phone requested that Fox pick her up at the location where the murder occurred. Fox's responses indicated that he agreed to do so. ***See Bradley***, 2064 EDA 2014 (unpub. memo. at 4-5) (citation omitted). "Nelson testified that she did not send or receive any of these texts[,] that when her phone was returned to her, all these texts had been deleted from her phone[, and that] she had no animosity towards Fox and he was 'a sweet guy.'" ***Id.*** (unpub. memo. at 5).

On February 26th, the jury found Appellant guilty of all charges. That same day, the trial court sentenced Appellant to the mandatory term of life imprisonment for his conviction of first degree murder, and concurrent terms of two and one-half to five years' imprisonment for PIC and the firearms

offense. Appellant filed a timely post-sentence motion that was denied by operation of law on June 26, 2014.

On direct appeal, Appellant was represented by court-appointed counsel, John Belli, Esquire. This Court affirmed Appellant's judgment of sentence in an unpublished decision, and the Pennsylvania Supreme Court denied his petition for allocator review on December 30, 2015. *See Bradley*, 2064 EDA 2014 (unpub. memo.) (Pa. Super. 2015).

On November 23, 2016, Appellant filed the present, timely PCRA petition, *pro se*. Although an attorney was appointed to represent Appellant, he was later permitted to withdraw when Appellant privately retained D. Wesley Cornish, Esquire to litigate his petition. On June 21, 2017, counsel filed an amended petition, which he titled a Motion for a New Trial, raising a claim of after-discovered evidence.[5] Counsel subsequently filed three supplemental petitions raising various challenges to trial counsel's effective assistance, as well as the trial court's failure to conduct a hearing before admitting the Commonwealth's expert testimony.[6] On October 5, 2018, the

_____

[5] Specifically, the petition alleged that one of the investigating officers, Detective Ronald Dove, was convicted of hindering prosecution and tampering with evidence in an unrelated case, and that fact could have been utilized at Appellant's trial to demonstrate the detective's habit of falsifying documents and tampering with evidence. Appellant's Motion for a New Trial Based on After-Discovered Evidence, 6/21/17, at ¶¶ 29-30, 33, 46.

[6] On September 15, 2018, Appellant filed another supplemental petition, *pro se*, which appeared to raise the same ineffectiveness claims as in his original *pro se* petition.

Commonwealth filed a motion to dismiss the PCRA petition, asserting Appellant's claims were meritless, underdeveloped or previously litigated. Commonwealth's Motion to Dismiss, 10/5/18, at 2-3.  On December 11th, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907, and properly informed Appellant he had 20 days to file a response.  On January 2, 2019, the 22nd day after the court issued its Rule 907 notice, counsel filed a motion for extension of time to file a response.  The PCRA court did not address that motion, but rather, on January 16, 2019, entered an order dismissing Appellant's PCRA petition.  Counsel filed a timely notice of appeal on January 31, 2019.[7]

On March 13, 2019, Appellant's present attorney, Michael Wiseman, Esquire, entered his appearance as retained counsel.[8]  On September 10th, counsel filed a motion for remand in this Court, requesting a remand so that he could raise sundry claims of prior counsel's ineffectiveness in the PCRA court, and "vindicate Appellant's right to effective post-conviction counsel." Appellant's Motion to Remand, 9/10/19, at 1.  On September 30th, this Court entered a *per curiam* order denying the motion without prejudice to Appellant to raise the issue before the merits panel.  Order, 9/30/19.

---

[7] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[8] Prior counsel was later permitted to withdraw.

Appellant raises the following two, related claims on appeal:

1. Was [Appellant] denied effective assistance of initial PCRA counsel . . . when that lawyer raised claims that were denied on curable procedural grounds, while at the same time failing to raise or properly raise other claims that are of arguable merit?

2. Is remand appropriate where the only available mechanism to raise [prior PCRA counsel's] ineffectiveness was not adequate under the circumstances of this case?

Appellant's Brief at 1-2.

When considering an order dismissing a PCRA petition:

The standard of review . . . is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Williams***, 220 A.3d 1086, 1090 (Pa. Super. 2019) (citation omitted).

In the case before us, Appellant does not challenge the PCRA court's ruling on any of the claims raised by prior PCRA counsel in the supplemental petitions, and addressed by the court in its opinion. Rather, his sole requested relief is a remand to the PCRA court so that present counsel may raise allegations of prior PCRA counsel's ineffective assistance. Appellant's Brief at 27. Appellant argues PCRA counsel was ineffective for failing to raise several claims concerning both trial and direct appeal counsel's ineffectiveness, and for raising issues in the amended petition which were previously litigated on direct appeal. Appellant's Brief at 17-25. Significantly, the Commonwealth has filed a brief in support of Appellant's request for remand. ***See*** Commonwealth's Brief at 6 ("The Commonwealth does not oppose [ ] a

remand.").  We conclude we are constrained by prior case law to deny that request.

It is well-established that petitioners have a "rule-based right" to the assistance of counsel to litigate their first PCRA petition.  Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."); **Commonwealth v. Holmes**, 79 A.3d 562, 632 (Pa. 2013).  Moreover, although the Pennsylvania Supreme Court has recognized that the Pa.R.Crim.P. 904(C) right to counsel includes "'an enforceable right' to the **effective** assistance of counsel[,]" the Court acknowledged that it has "struggled with the question of how to enforce the 'enforceable' right to effective PCRA counsel within the strictures of the PCRA, as the statute was amended in 1995."  **Holmes**, 79 A.3d at 632 (emphasis added).  What has emerged through case law is an imperfect solution:  in order to challenge the ineffectiveness of PCRA counsel within the time constraints of the statute, a petitioner must raise a claim of PCRA counsel's ineffectiveness in response to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss the petition.  Petitioners may not challenge PCRA counsel's ineffectiveness for the first time on appeal.  **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 n.14 (Pa. 2011); **Commonwealth v. Pitts**, 981 A.2d 875, 879 n.3, 880 n.4 (Pa. 2009); **Commonwealth v. Henkel**, 90 A.3d 16

(Pa. Super. 2014) (*en banc*); **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. Super. 2012).[9]

With this background in mind, we consider the specific arguments presented by Appellant and the Commonwealth. Appellant contends the "907-Objection" method of preserving allegations of PCRA counsel's ineffectiveness was inadequate in his case because he was still represented by the purportedly ineffective counsel at the time the Rule 907 response was required; thus, counsel would face a conflict of interest when required to raise allegations of their own ineffectiveness. Appellant's Brief at 12-13. Moreover, Appellant emphasizes that where, as here, the ineffective counsel failed to file a timely response to the Rule 907 notice, it "cannot reasonably be held to constitute a waiver of the contention that the same lawyer was ineffective." **Id.** at 13.

Rather, Appellant maintains the burden falls on the *pro se* petitioner to recognize (1) that PCRA counsel was ineffective, and (2) their obligation to raise ineffectiveness allegations in a *pro se* Rule 907 response. Appellant's Brief at 14. Appellant acknowledges a petitioner in that predicament could hire new counsel, but argues that is not a "reliable mechanism" to raise PCRA counsel ineffectiveness claims, particularly because Rule 907 provides only a 20-day window for a response. **Id.** at 14-15. Thus, Appellant asserts, under the current law, during that brief 20-day period, (1) the *pro se* petitioner must

---

[9] Both **Henkel** and **Ford** provide a thorough review of the decisions leading to the current state of the law. **See Henkel**, 90 A.3d at 22-29; **Ford**, 44 A.3d at 1195-99.

recognize present counsel's ineffectiveness and hire new counsel, and (2) new counsel must then review the entire record and file a response raising prior counsel's ineffectiveness. *Id.* at 15. Appellant also contends that, in his case, the PCRA court erred when it failed to provide a detailed explanation of the reasons for dismissing his petition in its Rule 907 notice,[10] when some of the defects in the petition "could have been cured." *Id.*

In supporting Appellant's request for a remand, the Commonwealth points out "Rule 907 does not explicitly address either claim preservation on appeal or ineffective assistance of PCRA counsel." Commonwealth's Brief at 7. Rather, the Commonwealth emphasizes the requirement that PCRA counsel ineffectiveness claims be raised in a Rule 907 response originated from a footnote in *Pitts*, a case in which PCRA counsel filed a *Turner*/*Finley*[11] "no merit" letter and sought permission to withdraw **before** the court issued its Rule 907 notice. *Id.* at 7-8 n.3. *See also Pitts*, 981 A.2d at 880 n.4. The Commonwealth argues the rule creates a "particular conundrum for defendants, such as [Appellant] here, whose counsel actively advocated for them throughout the PCRA process (as opposed to having sought to withdraw pursuant to *Finley*)." Commonwealth's Brief at 8. Moreover, considering the

---

[10] The PCRA court's Rule 907 notice checked the following box as the reason for the dismissal: "The issues raised in the P.C.R.A. petition filed by your attorney are without merit." Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 12/11/18.

[11] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA's timing restrictions, the Commonwealth asserts "the likelihood that a petitioner would be able to raise such claims in a subsequent PCRA petition is questionable[.]" *Id.* at 9. Indeed, the Commonwealth maintains present counsel's motion for remand was the "first opportunity for [Appellant] to raise his claims of PCRA counsel's ineffectiveness." *Id.* at 10.

The concerns expressed by both Appellant and the Commonwealth are valid. We agree the procedure for raising claims of PCRA counsel's ineffectiveness — especially when counsel does not seek to withdraw in the PCRA court — is flawed. Moreover, due to the PCRA's time restrictions, it is difficult, if not impossible, for a petitioner to seek relief from an ineffective PCRA attorney in a subsequent petition. *See* 42 Pa.C.S. § 9545(b)(1) ("Any [PCRA] petition . . . , including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless petitioner pleads and proves a timing exception).

Nevertheless, the concerns raised herein have been considered, and rejected, by this Court in *Ford* and *Henkel*. In *Ford*, the PCRA court conducted an evidentiary hearing on one claim raised in the petition. *Ford*, 44 A.3d at 1193. After the court denied relief, initial PCRA counsel filed a notice of appeal one day late. *Id.* The *Ford* Court described the ensuing procedural history as follows:

> A panel of this Court quashed the appeal as untimely and [the petitioner] filed a *pro se* petition for allowance of appeal asserting that PCRA counsel was ineffective in failing to file a timely appeal. PCRA counsel filed a motion to withdraw before the PCRA court based on the allegation of her ineffectiveness. The Supreme

Court, under the impression that PCRA counsel was permitted to withdraw, remanded to the PCRA court "for a determination of representation." The High Court further instructed that [the petitioner] could request *nunc pro tunc* relief from the [order denying PCRA relief] within thirty days of the PCRA court's determination regarding counsel's status.

The PCRA court appointed current counsel who timely filed this *nunc pro tunc* PCRA appeal.

*Id.* at 1193–94 (record citations omitted). In a court-ordered Rule 1925(b) statement, new PCRA counsel raised a claim asserting prior PCRA counsel's ineffectiveness, which the PCRA court addressed and rejected in its opinion. *Id.* at 1194.

Despite the fact that the petitioner challenged prior PCRA counsel's ineffectiveness at the first opportunity when he was not represented by prior counsel, and the PCRA court addressed the claim in its opinion, the three-judge *Ford* panel concluded it was precluded from considering the claim on appeal:

[A] majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. In addition, the Supreme Court's remand order in the instant case allowed for the appointment of counsel, not for the collateral review process to begin anew. Therefore, we hold that, absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.

*Ford*, 41 A.3d at 1200–01.

This Court's subsequent *en banc* decision in *Henkel* solidified the rule that claims asserting PCRA counsel's ineffectiveness must be raised in either

- 11 -

a Rule 907 response, or in a subsequent PCRA petition. ***Henkel***, 90 A.3d at 29-30. Indeed, the dissenting opinion in ***Henkel*** — authored by President Judge Emeritus Bender and joined by Judges Lazarus and Wecht — raised many of the concerns Appellant and the Commonwealth address herein. ***See Henkel***, 90 A.3d at 33 (Dissenting Op. by Bender, P.J.E.) (the origin of the rule requiring petitioners to raise PCRA counsel ineffectiveness in response to a Rule 907 notice was a "non-binding dicta" footnote in ***Pitts***), 36 (Dissenting Op. by Bender, P.J.E.) (failing to address PCRA counsel ineffectiveness claims on appeal "makes it impossible" for petitioner to raise claims at the "state level" because of PCRA timing requirements). However, even the Dissenting Opinion in ***Henkel*** focused on the fact that "a PCRA hearing was held and no Pa.R.Crim.P. 907 notice was issued" as the basis for providing relief. ***Id.*** at 33 (Dissenting Op. by Bender, P.J.E.). Conversely, here, the PCRA court issued Rule 907 notice, and informed Appellant of his right to file a response.

Furthermore, the fact that Appellant was represented by the allegedly ineffective counsel at the time the Rule 907 notice was issued does not provide a basis for relief. In ***Commonwealth v. Smith***, 121 A.3d 1049 (Pa. Super. 2015), a panel of this Court rejected a petitioner's attempt to challenge PCRA counsel's ineffectiveness raised for the first time on appeal when, like here, they were represented by private counsel at the time the court issued Rule 907 notice. ***Id.*** at 1054-55. Neither the petitioner nor counsel filed a response, and the PCRA court subsequently dismissed the petition. ***Id.*** The

- 12 -

court appointed new counsel on appeal who raised prior counsel's ineffectiveness. *Id.* at 1055. The **Smith** panel rejected the claim holding:

> Appellant had an affirmative duty to preserve his claims. If Appellant wanted to assert claims of ineffective assistance of PCRA counsel, he should have consulted counsel and/or the court to learn the correct procedure. Instead, Appellant did nothing in the almost five months between the court's Rule 907 notice and dismissal of the petition. Thus, Appellant's substantive issues concerning PCRA counsel's assistance are waived, because **Appellant failed to respond to the PCRA court's Rule 907 notice at any time before the court dismissed his petition.** Once Appellant filed a notice of appeal, he waived his right to complain about PCRA counsel's stewardship, because Appellant was unable to raise those claims for the first time in his Rule 1925(b) statement.

*Id.* at 1055 (citations omitted and emphasis added). Moreover, the Court also rejected the petitioner's argument that the Rule 907 notice was deficient because it did not inform the petitioner of his obligation to raise claims of PCRA counsel's ineffectiveness in response to the notice. *Id.* ("Given Appellant's affirmative duties to preserve his claims of PCRA counsel's service, in the context of Rule 907 notice, Appellant cannot shift the burden to the court to instruct Appellant how to do so.").

We are bound by the decisions of this Court in **Ford**, **Henkel** and **Smith**. *See* Pa.R.A.P. 3103(b) ("An opinion of the court *en banc* is binding on any subsequent panel of the appellate court in which the decision was rendered."); **Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) (one panel of Superior Court "is not empowered to overrule another panel of the Superior Court"). Accordingly, we are constrained to conclude Appellant waived any

challenge to prior PCRA counsel's ineffectiveness when he failed to raise the claim in response to the PCRA court's Rule 907 notice. *See Smith*, 121 A.3d at 1055; *Henkel*, 90 A.3d at 29-30; *Ford*, 44 A.3d at 1200-01. While we note Appellant herein is seeking a remand of the ineffectiveness claims, rather than asking this Court to review them in the first instance, we find that to be a distinction without a difference. This Court has explicitly stated that a challenge to PCRA counsel's ineffectiveness must be raised **before** the petitioner appeals the denial of relief. *See Smith*, 121 A.3d at 1055 ("Once Appellant filed a notice of appeal, he waived his right to complain about PCRA counsel's stewardship[.]"); *Ford*, 44 A.3d at 1201 ("[C]laims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.").

Thus, because we are constrained by binding precedent to conclude Appellant waived his only issues on appeal, we affirm the order dismissing his PCRA petition.[12]

Order affirmed.

Judge Nichols did not participate in the consideration or decision of this case.

---

[12] We note the *Henkel* majority, in a footnote, suggested the Supreme Court procedural rules committee consider amending the rules concerning post-PCRA motion practice for first-time petitioners to provide them with a better opportunity to raise claims concerning PCRA counsel's ineffective assistance. *See Henkel*, 90 A.3d at 29 n.4. This present case underscores the need for such consideration.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/20