J-S37015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SAMMY D. BELLE | : | |
| | : | |
| Appellant | : | No. 887 EDA 2022 |

Appeal from the PCRA Order Entered March 14, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0804001-1980

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 21, 2022**

Sammy D. Belle appeals from the March 14, 2022 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA") as untimely pursuant to 42 Pa.C.S. § 9545(b)(1).  We affirm.

In July 1983, a jury found Appellant guilty of second-degree murder, robbery, and possession of an instrument of crime after he shot and killed Lester Lawrence while robbing the victim's vehicle.  Following his conviction, the trial court sentenced Appellant to life imprisonment.  On February 24, 1988, Appellant's judgment of sentence was affirmed on direct appeal.  *See Commonwealth v. Belle*, 534 A.2d 126 (Pa.Super. 1987) (unpublished memorandum), *appeal denied*, 539 A.2d 810 (Pa. 1988) ("*Belle I*").

In June 1988, Appellant filed a petition for relief under the since-repealed Post-Conviction Hearing Act, which was ultimately unsuccessful.  *See Commonwealth v. Belle*, 593 A.2d 910 (Pa.Super. 1991) (unpublished

memorandum), *appeal denied*, 602 A.2d 855 (Pa. 1991) ("**Belle II**"). In June 2009, Appellant filed a PCRA petition that the PCRA court dismissed as untimely. That holding was affirmed on appeal. *See* ***Commonwealth v. Belle***, 81 A.3d 995 (Pa.Super. 2013) (unpublished memorandum at 4), *appeal denied*, 84 A.3d 1061 (Pa. 2014) ("**Belle III**").

In October 2019, Appellant filed a third post-conviction petition, which the PCRA court also deemed untimely. On appeal, this Court affirmed. ***See Commonwealth v. Belle***, 222 A.3d 854 (Pa.Super. 2019) (non-precedential decision at 2) ("**Belle IV**"). On January 2, 2020, Appellant filed a petition for allowance of appeal to our Supreme Court in ***Belle IV***.

On March 4, 2020, while Appellant's petition for *allocatur* remained pending in ***Belle IV***, he filed the instant PCRA petition. ***See*** PCRA Petition, 3/4/20, at 1-10. This filing advanced claims of prosecutorial misconduct and ineffective assistance of counsel. Specifically, Appellant averred that the assistant district attorney ("ADA") attached to this case was "underhanded" by allegedly suppressing the testimony of an eyewitness to the shooting that would have exonerated him. *Id*. at 3. Appellant also alleged that his trial counsel was ineffective for failing to challenge an eyewitness identification of Appellant by a woman named Allison Graves. *Id*. at 4. The PCRA court took no immediate action with respect to this filing. On July 21, 2020, the Supreme Court filed an order denying Appellant's request for a discretionary appeal in ***Belle IV***. ***See Commonwealth v. Belle***, 237 A.3d 393 (Pa. 2020).

- 2 -

In November 2021, the PCRA court filed notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1). Two months later, Appellant submitted a document titled "Newly Discovered Evidence." *See* Newly Discovered Evidence, 1/18/22, at 1-10. In this filing he alleged for the first time that his claims in this matter were allegedly based upon newly discovered evidence. *Id*. at 3. His substantive claims for relief remained unchanged.

On February 22, 2022, the PCRA court entered an order dismissing Appellant's petition as untimely pursuant to 42 Pa.C.S. § 9545(b)(1). *See* Order, 2/22/22, at 1. Appellant filed a timely notice of appeal to this Court. *See* Notice of Appeal, 3/21/22, at 1. The PCRA court did not direct Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b) and he did not file one. The PCRA court filed an opinion pursuant to Rule 1925(a).

Preliminarily, we observe that Appellant filed his March 4, 2020 PCRA petition while his claims in *Belle IV* were still on appeal in our Supreme Court. Pursuant to *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), it is well-established that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Under *Lark*, "a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition." *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa.Super. 2019). Therefore, "the PCRA court is required under *Lark* to

dismiss any subsequent PCRA petitions filed while that appeal is pending." ***Id***. Moreover, permitting a PCRA petition filed in violation of ***Lark*** to remain in abeyance until it is cognizable also violates Pennsylvania law. ***Id***. at 963 ("[N]o court has jurisdiction to place serial [PCRA] petitions in repose pending the outcome of an appeal in the same case.").

Since this rule is one of jurisdictional magnitude, this Court has held that PCRA filings advanced in violation of ***Lark*** are legal nullities. ***See Commonwealth v. Neisser***, 1968 EDA 2019, 2020 WL 603614 at *3 (Pa.Super. 2020) (non-precedential decision) ("Appellant's premature filing was a legal nullity, and the PCRA court lacked authority to consider it and should have dismissed it without prejudice[.]"); ***see also Commonwealth v. Pender***, 241 A.3d 424 (Pa.Super. 2020) (non-precedential decision at 1) (same); ***Commonwealth v. Crossley***, 803 EDA 2018, 2019 WL 2024542 at *2 (Pa.Super. 2019) (non-precedential decision) (same).

Instead of immediately dismissing Appellant's petition under ***Lark***, however, the PCRA court permitted Appellant's premature petition to languish on the docket *sub silentio* until the appeal in ***Belle IV*** had concluded. Rather, the PCRA court "should have dismissed the second petition outright under ***Lark***, when [Appellant] initially filed it during the appeal from the denial of his prior PCRA petition." ***Beatty***, ***supra*** at 964. It is beyond cavil that the PCRA court should not have considered the substantive allegations set forth in Appellant's March 4, 2020 petition, which was a legal nullity.

Thus, we conclude that the PCRA court properly dismissed Appellant's

PCRA petition, albeit on alternative grounds.[1, 2]  ***See Commonwealth v.***

---

[1] We recognize that the PCRA court did not actually review the instant petition until **after** Appellant's petition in ***Belle IV*** had been denied.  ***Cf.*** ***Montgomery***, ***supra*** at (Pa.Super. 2018) (*en banc*) ("***Lark*** holds only that a PCRA court cannot entertain a new PCRA petition **when a prior petition is still under review.**" (emphasis in original; cleaned up)).  Moreover, the Commonwealth has not objected.  As such, this case presents the precise procedural scenario that yielded a plurality decision from our Supreme Court in ***Commonwealth v. Robinson***, 204 A.3d 326 (Pa. 2018).  In that case, Robinson filed a PCRA petition while a prior PCRA petition remained pending on appeal.  The PCRA court did not adjudicate Robinson's premature petition until the prior appeal had concluded and the Commonwealth did not object.

One-half of the equally divided High Court supporting reversal would have excused Robinson's premature filing in the interests of justice, while the other half favoring affirmance felt that such an approach took too much liberty in excusing noncompliance with a jurisdictional requirement.  ***Compare id***. at 329 n.8 (opinion in support of reversal advocating excusing noncompliance with ***Lark***) ***with id***. at 353 n.3 (opinion in support of affirmance objecting to excusing noncompliance with ***Lark***).  Neither position constitutes binding law. ***Commonwealth v. McClelland***, 233 A.3d 717, 729 (Pa. 2020).  Either rationale, however, is citable for its persuasive value.  ***Commonwealth v. Covil***, 378 A.2d 841, 844 (Pa. 1977).  Even if we were so inclined to excuse Appellant's noncompliance with ***Lark*** in this matter, we would effectively have to overrule ***Beatty***.  We are precluded from doing so.  ***See Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa.Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court.").

[2]  Even if we were to charitably construe Appellant's response to the PCRA court's Rule 907 notice as a self-contained PCRA petition, he would not be entitled to relief in this matter due to the timeliness constraints of the PCRA. That filing was submitted on January 18, 2022, which renders it facially untimely by nearly thirty-four years after Appellant's judgment of sentence became final for the purposes of the PCRA.  ***See*** 42 Pa.C.S. § 9545(b)(3). The only exception discussed by Appellant in this matter relates to allegedly new evidence.  ***See*** 42 Pa.C.S. § 9545(b)(1)(ii) (providing that "[a]ny petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final" unless the petitioner "pleads and proves that . . . the
*(Footnote Continued Next Page)*

***Parker***, 249 A.3d 590, 595 (Pa.Super. 2021) ("[T]his Court may affirm a PCRA court's order on any legal basis.").

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/21/2022</u>

---

facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"). Finally, Appellant was required to invoke this exception "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, the allegedly new evidence referenced by Appellant concerns misconduct allegations aimed at the ADA attached to his case in an unrelated matter. Appellant claimed to have read these allegations in an unidentified newspaper article dated February 19, 2019. **See** Newly Discovered Evidence, 1/18/22, at 3 ("The article was saying, [h]ow [the ADA] would do anything to get a conviction lie, cheat and withhold evidence from the defense[.]"). In pertinent part, Appellant did not state with particularity when he had read the at-issue article. Thus, Appellant cannot establish the timeliness of this submission even if it were treated as a stand-alone PCRA petition. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) ("As appellant does not explain when he first learned of the facts underlying his PCRA claims, he has failed to meet his burden of showing he brought his claim within [the time period required by § 9545(b)(2)].").